Jack KLOTZ, Appellant,

v.

SAVANNAH R–III SCHOOL DISTRICT, Respondent.

No. WD 39586.

Missouri Court of Appeals, Western District.

March 15, 1988.

Thomas R. Summers, Utz, Litvak, Summers, Powers & Manring, St. Joseph, for appellant.

John P. Beihl, Keith W. Ferguson, Brown, Douglas and Brown, St. Joseph, for respondent.

Before COVINGTON, J., Presiding, and SHANGLER and TURNAGE, JJ.

COVINGTON, Judge.

The plaintiff Jack Klotz sought declaratory judgment declaring that a binding contract existed between Mr. Klotz and Savannah R–III School District, that Mr. Klotz should continue to serve as Superintendent of Schools until June 30, 1989, and that his compensation be no less than $48,126 annually, plus benefits. The trial court entered a judgment for Savannah R–III School District. Mr. Klotz appeals.

Mr. Klotz was Superintendent of Schools for the Savannah R–III School District. He commenced his duties in July, 1983, and initially served the School District pursuant to a two-year contract which was extended for an additional year. The document at issue in this case is a "Superintendent's Contract" executed January 20, 1986, with an effective date of July 1, 1986. The Superintendent's Contract provided in pertinent part:

(A) The annual salary for the first year beginning July 1, 1986 shall be established prior to June 30, 1986, and shall be paid monthly in twelve equal installments in accordance with Board policy. (B) The annual salary for the second year beginning July 1, 1987 shall be established prior to June 30, 1987 and shall be paid monthly in twelve equal installments, and the annual salary for the third year beginning July 1, 1988 shall be established prior to June 30, 1988 and shall be paid monthly in twelve equal installments.

By a separate document, "Administrator Employment Contract" dated June 24, 1986, Mr. Klotz's salary for twelve months' compensation commencing July 1, 1986, was set at $48,126. The contract was specifically stated to be subject to Missouri teacher tenure laws as applicable to administrators and to the laws of the State of Missouri.

In October of 1986, a substantial portion of Mr. Klotz's responsibilities were delegated by the Board of Education to the assistant superintendent of schools. In early February, 1987, the Board advised Mr. Klotz that his employment was terminated effective June 30, 1987.

Mr. Klotz filed suit. The trial court entered judgment for the School District, finding the contract to be indefinite and unenforceable for failing to set forth consideration and further finding the contract to be in violation of § 432.070, RSMo 1986.

Interestingly, as to the trial court's having found the agreement to be in violation of § 432.070, Mr. Klotz does not complain. His sole allegation of error relevant to the statute is that the School District did not plead § 432.070 as an affirmative defense. Although Mr. Klotz has not presented for appellate review the issue of applicability of the statute to his circumstances, it is appropriate to address the statute.

Section 432.070 states:

No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the

making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.

The statute requires that the essential terms of a public contract be fixed when the contract is entered into and that the terms not be left to be determined at some future time. This requirement is "one of the precautions taken to prevent extravagant demands, and to restrain officials from heedless and ill-considered engagements." *Bride v. City of Slater,* 263 S.W.2d 22, 26 (Mo.1953). The requirements of § 432.070 are mandatory and not merely directory. *Hoevelman v. Reorganized School District R–2 of Crawford County,* 452 S.W.2d 298, 301 (Mo.App.1970). Persons engaging in business with the school district are charged with knowing the extent and limitation of the school district's powers, the authority of its officers, and the manner prescribed by law for the exercise thereof. *Id.* at 302. One who undertakes to bring a suit against a school district based upon a contract must plead and prove the kind of contract required by the statutes. *Id.* Theories of estoppel, ratification, or implied contract may not be advanced to circumvent the statute. *Plaster v. Lebanon Special Road District of Laclede County,* 611 S.W.2d 560, 564 (Mo. App.1981).

Although the agreement in question here purports to contain a three-year term, the contract is valid for only one year. The provisions for the following two years are void because an essential term, salary, is not included. Mr. Klotz's attempt to enforce the subsequent two-years provisions would violate § 432.070.

Mr. Klotz asserts trial court error in finding that the contract was void and unenforceable for being in violation of § 432.070 because the School District did not plead the statute as an affirmative defense. It was not necessary for the School District so to do. Mr. Klotz's pleading on its face alleged that he had a valid and binding contract with the School District through June 30, 1989, and he incorporated by reference a copy of the "Superintendent's Contract." Further, Mr. Klotz specifically alleged that a justiciable controversy existed as to whether the contract terminated June 30, 1987, or June 30, 1989. The School District's answer denied the allegation that Mr. Klotz had a valid and binding contract through June 30, 1989.

The cases upon which Mr. Klotz relies require pleading of an affirmative defense pursuant to Rule 55.10. In these cases, however, a party has sought avoidance of a valid contract. Here, the contract was void, an invalid contract under § 432.070. The School District in its Answer denied the validity of the contract. Moreover, in construing Rule 55.10, which requires setting forth affirmative defenses in the pleadings, the court in *Ingalls v. Neufeld,* 487 S.W.2d 52, 54 (Mo.App.1972), held:

> [C]ourts take judicial notice of public statutes, and when the contract pleaded shows on its face that it was made in contravention of a statute, a general allegation that the petition states no actionable claim raises that defect, and no affirmative plea is necessary.

Mr. Klotz urged the trial court, and now urges this court, to fix the amount of compensation omitted from the contract in order to make the contract definite and enforceable, taking into account Mr. Klotz's previous salary and the salary being paid to the current superintendent of schools. Considering that the purpose of the statute is to safeguard the funds of the School District, and noting that the statute requires the contracts "be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including consideration, shall be in writing...." , the trial court did not err in refusing to set the salary for Mr. Klotz.

The judgment is affirmed.

All concur.