**CITY OF MALDEN, Missouri, Plaintiff–Respondent,**

v.

**William A. GREEN, Defendant–Appellant.**

No. 16099.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 15, 1989.

John M. Beaton, Welman, Beaton, Williams & McVey, Kennett, Mo., for plaintiff-respondent.

H. Mark Preyer, Crow, Reynolds & Preyer, Kennett, Mo., for defendant-appellant.

PREWITT, Judge.

Defendant appeals from summary judgment entered in favor of plaintiff on plaintiff's petition and defendant's counterclaim. Plaintiff sought a declaratory judgment asking the court to declare a written document entitled "Contract for Professional Services" to be void and unenforceable at least as far as it concerned an Airport Improvement Project.

Defendant, a professional engineer, counterclaimed in three counts. Count I sought "to amend and correct" records and minutes pertaining to the city council meeting where the "contract" was discussed and

apparently approved.[1] In defendant's second count he sought reformation of the contract for it to provide that defendant was to be the only provider of engineering services to plaintiff and that the agreement was to include improvements to all city property including the "Malden Airport Facility". Count III sought damages for breach of the contract as reformed.

Appellate review is to view the record in the light most favorable to the party against whom summary judgment was entered. *Fisher v. Scott & Fetzer Co.*, 664 S.W.2d 662, 663 (Mo.App.1984). Summary judgment is inappropriate unless the prevailing party is shown by unassailable proof to be entitled to it. *First National Bank of St. Charles v. Chemical Products, Inc.*, 637 S.W.2d 373, 375 (Mo.App. 1982).

Summary judgment, premised upon an interpretation of a document, is appropriate only where the meaning of significant words in it is apparent from the instrument itself. *Lammert Furniture Co. v. American National Stores*, 619 S.W.2d 323, 325 (Mo.App.1981).

For the purposes of its motion for summary judgment in the trial court and here, plaintiff conceded that defendant's contract "was exclusive" and "covered the city airport property". Although not foreclosing those issues on remand, for the purposes of this opinion the contract is so considered.

Plaintiff contends that the trial court properly found the agreement to be void because it did not sufficiently set forth the consideration for the engineering services which defendant would provide, in violation of § 432.070, RSMo 1978. That section states:

**Contracts, execution of by counties, towns—form of contract.**—No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.

The contract was discussed at a city council meeting on January 12, 1981, at which time the city council passed and adopted a resolution which stated in part:

that the Mayor and City Clerk be authorized to execute an agreement for professional engineering services with William A. Green, P.E., for such engineering services as are required by the City of Malden. Said fees for such services shall not exceed the standard fee schedule as recommended by the Missouri Society of Professional Engineers for such services. Attached are Figure 1 and Figure 2 depicting the Missouri Society of Professional Engineers recommended fee schedules for median compensation for basic services. Figure 1 and Figure 2 shall be incorporated into the agreement for engineering services.

The contract was dated March 2, 1981, and was apparently considered by the parties to be in effect until terminated by plaintiff effective March 1, 1986. On September 19, 1985, the city retained the engineering firm of Butcher and Willis in connection with an airport improvement project contemplated by the city. That project was started and "substantially" completed in 1986.

As plaintiff acknowledges, the contract provides in sufficient detail how to compute defendant's engineering fees "for water supply and treatment system improvements, waste water system improvements, and other intricate and complex projects". It also specifically sets out how fees would be computed "for water lines, sanitary sewer lines, storm sewer lines, streets, park improvements, and other similar projects". It provides that "[a] percentage fee of the

---

**1.** Although referring to the subject document as a "contract" this opinion is not intended to infer that it is an enforceable contract or to foreclose that issue in the trial court. The reference to it as a "contract" is merely for convenience.

project construction cost for construction of, additions to, or improvements in municipal buildings will be determined prior to commencement of any such project and shall be mutually agreeable to both parties". It states that for additional services requested and required by the plaintiff that defendant shall receive various hourly rates depending on the type of work. It provides that for "minor or miscellaneous engineering work not otherwise covered by this agreement" defendant will be compensated at various rates depending on the type of services.

Plaintiff contends that these portions of the contract fail to set the compensation as to the airport project and left it "to be determined at a future time." Plaintiff asserts that what are "other intricate and complex projects" and who determines what they are is not set forth. Plaintiff also states that the agreement does not say whether airport runways are like streets, or if they are complex projects, and that the contract leaves an open question on what work is minor or miscellaneous or "not otherwise covered by this agreement". Plaintiff summarizes its contentions as follows:

> In summary, the contract gives Green the exclusive right to do City's engineering work, but the consideration for the work is left to be determined at some future time, with many potential areas of work vague and indefinite as to the way to compute the fee. Also the contract employs Green "to perform the services for which he is qualified to complete for proposed work . . .". Who determines if Green is "qualified"?

■ The answers to many, if not all, of the questions that plaintiff raises is that the courts may be able to interpret the contract to make these determinations. Contracts made by a city, if authorized, are measured by the same tests and subject to the same rights and liabilities as other contracts. *Burger v. City of Springfield,* 323 S.W.2d 777, 783 (Mo.1959). Terms of a contract must be certain, or capable of being rendered certain through the court's application of ordinary canons of construc-

tion or by reference to something certain; that is, terms of agreement must be sufficiently definite to enable the court to give it an exact meaning. Id.

■ Courts do not favor the destruction of agreements, and will, if feasible, construe an agreement so as to carry into effect the reasonable intention of the parties. *Computer Network v. Purcell Tire & Rubber,* 747 S.W.2d 669, 674 (Mo.App. 1988). "A contract should not be held void for uncertainty unless there is no possibility of giving meaning to the agreement." Id. at 676.

■ The consideration to be paid and a document purporting to be a contract can be made certain by reference to extrinsic facts so referred to. *Bankers Capital Corp. v. Brummet,* 637 S.W.2d 424, 428 (Mo.App.1982). To be enforceable, an agreement must be sufficiently definite to enable a court to give it an exact meaning. *Marshall v. Edlin,* 690 S.W.2d 477, 480 (Mo.App.1985). See also *Burger,* supra, 323 S.W.2d at 784 ("That is certain in law which can be made certain, as by computation or reference to extrinsic facts referred to").

■ *Burger* found the consideration to be sufficient where it was "a reasonable compensation for services and expenses to be fixed by the [Springfield City] Council upon the completion of his [Burger's] services." In at least some respects and for certain services, which the evidence may or may not show were those required on the airport project, the contract here was more definite.

If the airport project was an "intricate and complex" project then compensation is sufficiently detailed. If it is a "similar" project to waterline, sanitary sewer lines, storm sewer lines, streets and park improvements, then it is also sufficiently provided. If it is "minor or miscellaneous engineering work" it was sufficiently set out.

We agree that for "construction of, additions to, or improvements of municipal buildings" the compensation did not comply with the statute because it was left to be

determined prior to the commencement of the project in a manner agreeable to both parties. See *Bride v. City of Slater*, 263 S.W.2d 22 (Mo.1953); *Klotz v. Savannah R-III School Dist.*, 747 S.W.2d 708 (Mo. App.1988). However, *Bride* and *Klotz*, primarily relied on by plaintiff, are not controlling on the other questions here. No consideration after the first year of the agreement was provided for in *Klotz* and it was to be thereafter agreed. In *Bride* the price was solely set by the fuel oil dealer. Both violated § 432.070, but we cannot say here that a court might not be able to determine, with sufficient exactness to comply with § 432.070, at least the consideration to be paid for some of the engineering services on the airport project. By saying this we do not mean to infer that defendant would necessarily be entitled to receive the same compensation that he might have received had he performed those services.

It can not be said as a matter of law that a court could not find sufficient definiteness to make the contract enforceable as it may relate to all or part of the airport project. Summary judgment was therefore inappropriate. The judgment is reversed and the cause remanded for further proceedings.

FLANIGAN, P.J., and MAUS, J., concur.