45 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 CITIZENS BANK AND TRUST OF KANSAS CITY, Appellant,
v.
EXCELSIOR SPRINGS SCHOOL DISTRICT No. 40, Appellee.
 No. 94-2005.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Nov. 17, 1994.
Filed: Dec. 23, 1994.
 
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Citizens Bank and Trust of Kansas City, a Kansas banking corporation ("bank"), appeals from a judgment of the district court[1] granting summary judgment in favor of Excelsior Springs School District # 40, a Missouri school district ("district"). We affirm.
 
 
 2
 In October 1991, Dr. James Botts, district superintendent, and Century Office Products, Inc. executed an agreement for the use of copy machines. The agreement was eventually assigned to the bank. In October 1992, the district allegedly failed to make payments and in January 1993 the bank filed this diversity suit in the district court. Both parties moved for summary judgment.
 
 
 3
 The district's motion for summary judgment was granted. The district court held that the October 1991 contract was a lease and was void because it failed to comply with Mo. Rev. Stat. Sec. 162.301.3, which states that "no contract shall be let ... unless a majority of the whole [school] board votes therefor," and with Mo. Rev. Stat. Sec. 432.070, which states that school district contracts "shall be subscribed by the parties thereto, or by their agents authorized by law and duly appointed and authorized in writing." The court found that as a matter of law the board had not voted on the lease and that Botts did not have written authority to enter into the lease. Moreover, the court held that under Missouri law the "theories of estoppel, ratification, or implied contract may not be employed to avoid the requirements of the statutory scheme." See Klotz v. Savannah R-III School Dist., 747 S.W.2d 708, 710 (Mo. Ct. App. 1988).
 
 
 4
 On appeal, the bank argues that the district court erred in granting the district's motion for summary judgment. The bank claims that the agreement was a purchase agreement, not a lease, and that there was "technical and substantial" compliance with the statutory requirements.
 
 
 5
 We disagree and affirm on the basis of the district court's opinion. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri