## RICHARD BROWN & SON CONTRACTING COMPANY, Respondent, v. BAMBRICK BROTHERS CONSTRUCTION COMPANY, Appellant.

### St. Louis Court of Appeals, October 1, 1910.

1. **CONTRACTS: Several Breaches: One Cause of Action: Pleading.** In suits on an entire contract, several breaches constitute but one cause of action and may be set forth in one count, though they afford different elements of recovery or damage.

2. **PLEADING: Petition: Sufficiency, After Verdict.** Where a petition is not demurred to, it is sufficient after verdict if, with all reasonable inferences in its favor and matters necessarily implied from the facts alleged, it advised defendant with reasonable certainty' as to the cause of action relied on, so as to bar another action for the same subject-matter.

3. **CONTRACTS: Pleading: Petition: Several Breaches Stated in Separate Counts.** In an action for breach of a contract, by which plaintiff agreed to grade defendant's lot for a certain price per yard of dirt removed, in that, after plaintiff had excavated a certain quantity òf dirt, defendant refused to allow him to proceed further with the work, the first paragraph of the petition alleged, as though it were a distinct cause of action, that defendant refused to pay the balance due for the

work actually performed under the contract, and the second paragraph alleged, as though it were a separate cause of action, that if defendant had not breached the contract and prevented plaintiff from performing it, plaintiff would have removed thirty thousand cubic yards of dirt in addition to the quantity actually removed and would have made a profit of $900.00 thereon. *Held*, that the petition really alleged only one cause of action for two breaches of an entire contract, and not having been demurred to or attacked until after verdict, sufficiently alleged a right to recover for loss of profits, though the second paragraph, which contained some of the allegations essential to a recovery for the breach entailing a loss of profits, did not aver that plaintiff agreed to excavate thirty thousand cubic yards, or any other number of yards, of dirt, nor the price per yard of the excavation, since those facts appeared by reasonable inference from the whole petition; all reasonable inferences going to support the petition, under such circumstances, in view of section 629, Revised Statutes 1899, requiring a pleading to be liberally construed with a view to substantial justice, section 676, requiring the court to distinguish between form and substance in construing Code provisions, and section 659, directing the court to disregard any defects in pleadings not affecting the substantial rights of the adverse party.

4. **PLEADING: Petition: Separate Counts: Each Must Be Complete: Several Counts Considered as One, When.** Where the petition contains separate counts, which declare upon separate and distinct causes of action, each count must be complete in itself; but where there is only one cause of action set forth in the petition, which might properly be pleaded in one count, but has been mistakenly set forth in separate counts, after judgment, the entire pleading will be construed in aid of the verdict, as setting up a single cause of action, irrespective of the intended division.

5. **CORPORATIONS: Adopting Contract Made By Promoters Before Incorporation.** Under the rule that a contract made by promoters for the benefit of a corporation thereafter formed is a new contract, when subsequently adopted by the corporation, and requires a sufficient consideration to make it valid, an excavation contract, made by promoters in the name of a corporation before its organization, became a valid contract of the corporation, where it adopted the contract after its organization and partly performed it and received part of the stipulated price of the work from the other party, so that the corporation was entitled to sue for the breach of such contract.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

AFFIRMED.

*T. J. Rowe, Henry Rowe* and *Thos. J. Rowe, Jr.*, for appellant.

(1) The second count of the petition fails to state facts sufficient to constitute a cause of action. Each separate statement must of itself be a complete cause of action. Phillips on Code Pleading, sec. 203, p. 182. But if in violation of rules of pleading, you consider all the allegations of the first count of the petition inserted in the second, the allegations of the second count would not be sufficient to state a cause of action. Boeckler v. Railroad, 10 Mo. App. 448. (2) The verdict is the result of false testimony given by John J. Brown. Richard Brown & Son Construction Co. made a contract with Chas. Thomas and Jas. Lynch, on October 14, 1905, and John J. Brown swore that was a contract with plaintiff. Under section 746, R. S. 1899, defendant could not deny, under oath, the incorporation of plaintiff, because plaintiff was incorporated on October 30, 1905. The answer is a general denial, and the burden was on the plaintiff to prove that it executed the contract of October 10, 1905, with defendant. The burden was on plaintiff to prove its contract with defendant. The execution of the contract was not admitted. Kelly v. Thuey, 143 Mo. 422.

*Claud D. Hall* for respondent.

(1) The plaintiff's petition, for breach of one contract, and asking for two items of damages, and on two so-called "counts," was in reality only one cause of action. Newton v. Miller, 49 Mo., 298; Smiley v. Deweese, 1 Ind. App. 211; Pryor v. Kansas City, 153

Mo. 135; Hilman v. Hilman, 14 How. Pr. (N. Y.) 456; Sims v. Railroad, 83 Mo. App. 246; Chambers v. Robbins, 28 Conn. 543; 4 Ency. Pl. & Pr., p. 941; Stickford v. St. Louis, 7 Mo. App. 217; Brown v. Stebbins, 4 Hill (N. Y.) 154. (2) By the defendant contracting with plaintiff as a corporation and dealing with it as such, it is estopped to deny plaintiff's incorporation. Knapp, Stout & Co. v. Joy, 9 Mo. App. 592; Owens, etc., Machine Co. v. Pierce, 5 Mo. App. 576; St. Louis Light Co v. City of St. Louis, 11 Mo. App. 65; Farmers and Merchants Insurance Co. v. Needles, 52 Mo. 17. (3) The ratification by a corporation of a contract made before its existence, is equivalent to the execution of an original contract. Furniture & Carpet Co. v. Crawford, 127 Mo. 356.

NORTONI, J.—This is a suit for damages accrued to plaintiff as a result of a breach of contract. Plaintiff recovered and defendant appeals.

Both plaintiff and defendant are incorporated companies. Plaintiff conducts the business of excavating and moving earth, while defendant owns and operates a stone quarry. It appears the parties entered into a written contract of date October 10, 1905, whereby plaintiff agreed to grade defendant's lot of ground at Twenty-second and Florissant avenue in St. Louis "down to the rock" and dump the clay into a quarry hole mentioned therein, for which it was to receive from defendant twenty-three cents per cubic yard on monthly estimates to be made by an engineer and that fifteen per cent. of the amount earned was to be retained by defendant until the work was completed to the satisfaction of the engineer. Each party agreed to pay one-half the cost of the engineer's services and abide by his decisions. About a week thereafter, plaintiff commenced the work of grading and moving the dirt and continued until the 24th day of November, 1905, when defendant suspended operations

and refused to permit plaintiff to proceed further therewith. At the time the work was suspended and plaintiff forbidden to proceed, 1592 cubic yards of earth had been excavated by it as estimated by the engineer. On this amount, defendant paid to a sub-contractor, on plaintiff's order, two hundred seventy dollars and eighty cents, but declined to pay plaintiff the balance due therefor. In this suit, plaintiff recovered the balance due it at twenty-three cents per cubic yard for removing the dirt mentioned and recovered further several hundred dollars by way of profits which it lost because of defendant's breach in abruptly forbidding and preventing it from completing the contract.

The first point made for a reversal of the judgment is to the effect that the second count of the petition on which the loss of profits was recovered is insufficient to support the judgment. There is really but one count in the petition, when the matter is considered with respect to the substance, though the pleader seems to have proceeded as if he were declaring upon two separate causes of action in distinct counts. The argument directed against the sufficiency of what purports to be a statement of the second cause of action is that this paragraph of the petition omits to state that plaintiff agreed to excavate thirty thousand yards, or any other number of yards, of dirt and there is no averment therein of the price at which the excavation was to be made. If we are to consider the last, or second, paragraph of the petition alone, the argument directed against it is sound. But in truth and in fact, there is only one cause of action stated in the petition, for, though there are separate breaches averred, the first, to the effect that defendant refused to pay plaintiff for removing the dirt, as stated in the first paragraph, and, second, the breach whereby defendant entailed a considerable loss of profits upon plaintiff; the two breaches together, constitute but one cause of action. In suits on entire contracts, such as this one, several

breaches thereof constitute but one cause of action and may be set forth in one count, though they afford different elements of recovery or damage. Such is the rule of pleading which universally obtains, as we understand it. [4 Ency. Pl. & Pr. 941; Smiley v. Deweese, 1 Ind. App. 211; Pryor v. Kansas City, 153 Mo. 135, 54 S. W. 499; Wilcox v. Cohn, 5 Blatchf. (U. S.) 346. The entire petition when read together sets forth the contract fully, to the effect that the parties agreed in writing whereby plaintiff undertook to remove the earth for twenty-three cents per cubic yard and settlements were to be had on monthly estimates made by the engineer agreed upon, whereupon eighty-five per cent of the amount earned was to be paid plaintiff and fifteen per cent. retained by defendant until the work was finally completed. The petition sets forth that the grading was to be done as per the terms of the contract on defendant's lot of ground situated at Twenty-second and Florissant avenue, in the city of St. Louis, "down to the rock," and the clay therefrom to be dumped where directed. It is averred that besides refusing to pay plaintiff the balance due for such work as it had performed, defendant, on the 24th day of November, 1905, while plaintiff was performing the contract and ready, able, willing and anxious to complete the same, without cause, interfered and prevented plaintiff from completing the work and gave plaintiff notice not to proceed further therewith. It is averred, too, that if defendant had not thus breached its contract and prevented plaintiff from completing the same, it would have removed thereunder thirty thousand cubic yards of dirt in addition to the one thousand, five hundred and nine-two cubic yards which it had removed theretofore; and that it would have made a profit of three cents on each of such thirty thousand cubic yards, which defendant so prevented it from removing, whereby it suffered a loss of nine hundred dollars. When the entire petition is read, it appears

to sufficiently state a cause of action for the recovery of such profits as were lost to plaintiff by defendant's refusal to permit a completion of the work under the contract. It is true the petition does not aver plaintiff agreed to remove thirty thousand cubic yards of dirt but it does aver in plain terms that it agreed to remove the earth from defendant's lot "down to the rock" and other averments, when reasonably interpreted, go to the effect the the dirt which plaintiff was thus required to remove amounted to thirty thousand cubic yards in addition to that before excavated. The sufficiency of the petition was not challenged by demurrer and the attack made thereon is after verdict. In such circumstances, all reasonable inferences and intendments are to be allowed in favor of the pleading. If, after allowing reasonable inferences and matters necessarily implied from the facts stated, there is sufficient to advise defendant with reasonable certainty as to the cause of action it is called upon to meet and bar another action for the same subject-matter, it will be sufficient. [Munchow v. Munchow, 96 Mo. App. 553, 70 S. W. 386; Thomasson v. Mercantile Town Mut. Ins. Co., 114 Mo. App. 109, 89 S. W. 564, 1135; s. c. 217 Mo. 485, 116 S. W. 1092.]

It is true the pleader seems to have had in mind that he was proceeding on two separate causes of action, for in the first paragraph of the petition, and as though it were a distinct cause of action, he stated the fact pertaining to defendant's refusal to pay the balance due for the work theretofore performed under the contract and prayed a recovery for the balance due; and, in the second paragraph of the petition, as though it were a separate cause, he set forth some of the essential facts to a recovery for the breach entailing a loss of profits and prayed judgment for the amount of profits alleged to have been lost. Be this as it may, the plaintiff's recovery as for a loss of profits is not to be set aside for the mere failure of counsel to nicely discern

that the whole matter constituted but one cause of action which might be properly sued for in one count. It is true enough the separate counts of a petition must be complete in themselves where they proceed upon separate and distinct causes of action as they properly should in every case. But this rule does not obtain when there is only one cause of action set forth in the petition which might properly be pleaded in one count and has been mistakenly set forth separately. In such circumstances, after judgment, the entire pleading should be construed in aid of the verdict as setting up a single cause of action irrespective of the intended division. Such we believe is the universal rule where the code provisions obtain. [31 Cyc. 116, 117; Newton v. Miller, 49 Mo. 298; McNees v. Missouri Pac. R. Co., 22 Mo. App. 224.] When there is but one cause of action stated in the petition, though in separate paragraphs or counts, after verdict, the indulgence of the law is with the pleader, for it is its policy to put an end to litigation and forbid further trials of the same subject-matter unless some error has intervened which materially affects the merits of the case against the rights of the party complaining. Indeed, our statute, section 629, Revised Statutes 1899, section 629, An. Stat. 1906, expressly provides that:

"In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

Another section, 676, directs the court to so construe the provisions of the code as to distinguish between form and substance. These sections together, it is said, prescribe an after judgment rule to the effect that the pleading shall receive the construction most favorable to the pleader. [Stillwell v. Hamm, 97 Mo. 579, 11 S. W. 252; Davis v. Jacksonville Southeastern Line, 126 Mo. 69, 28 S. W. 965.] Another section of the code, 659 (R. S. 1899, An. Stat. 1906, sec. 659),

directs that the court shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party and that no judgment shall be re-versed or affected by reason of such error or defect. When the matter is viewed in the light of these statutory provisions and the accepted rule of law to the effect that several breaches of an entire contract constitute but one cause of action, it is obvious that the argument leveled against the sufficiency of the last paragraph of the petition to sustain a recovery for the loss of profits is unsound; for the entire petition may be scanned in aid of the verdict as both counts or paragraphs declared upon separate elements of damages which were parcel of the same cause of action and might properly have been pleaded in one count.

It appears at the time the contract for excavating the dirt was entered into plaintiff corporation was not yet organized though its president and general manager made the contract with defendant in its corporate name. The contract is executed and signed by Richard Brown & Son C. Company, per John J. Brown, president and general manager. The plaintiff corporation came into existence by virtue of being incorporated under the laws of this state October 30, 1905, or twenty days after the contract was entered into. Upon the incorporation of plaintiff, it appears to have adopted the contract and proceeded to execute the same; for all of the work done thereunder after that date was performed by the plaintiff corporation and the payment of $270.80 made thereon by defendant was made at its instance and request to certain sub-contractors. It is now argued the plaintiff corporation may not maintain this suit on the contract and for its breach for the reason that it is in no sense a party thereto. This argument must be rejected; for, even though the contract were made in the first instance by the promoters of the plaintiff corporation, it

became a valid obligation of the plaintiff, which thereafter came into existence, upon the corporation adopting it and entering upon its performance. It is true in principle that the adoption of such a contract made for its benefit by a corporation thereafter formed amounts to a new contract requiring a sufficient consideration, but where such appears it imposes an equally valid obligation as though made with the corporate entity in the first instance. See Purdy's Beach on Private Corporations, secs. 774, 780, 812; Morawetz on Private Corporations, sec. 549; Queen City Furn., etc., Co. v. Crawford, 127 Mo. 356, 30 S. W. 163. See also Whitney v. Wyman, 101 U. S. 392; Bommer v. American Spiral, etc., Mfg. Co., 81 N. Y. 468. Of course, a corporation subsequently formed may enforce or sue upon such valid contracts as it has thus adopted and fulfilled. [Purdy's Beach on Private Corporations, sec. 818; Burrows v. Smith, 10 N. Y. 550; Scadden, etc., Mining Co. v. Scadden, 121 Cal. 33.] In the present instance all of the essential elements obtain to affix a valid obligation against the parties; for upon the plaintiff corporation coming into existence, besides adopting the contract made for its benefit, a valuable consideration therefor is shown by the fact that it entered upon the performance of the undertaking and rendered benefits which the defendant received and for which it paid in part to the amount of $270.80 without any dissent whatever. The judgment should be affirmed. It is so ordered. All concur.