Sharon V. TAYLOR, and Tina R.
Taylor, Plaintiffs–Appellants,

v.

Sandra KLUND, et al.,
Defendants–Respondents.

No. 51806.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 10, 1987.

Susan M. Hais, Clayton, for plaintiffs-appellants.

John G. Doyen, Clayton, for Sandra and Dorlac Klund.

George M. Von Stamwitz, Susan Bradley Buse, St. Louis, for Special School Dist. of St. Louis County.

Russell F. Watters, St. Louis, for Gianfrancescos.

---

SATZ, Presiding Judge.

Plaintiff, Tina Taylor, a minor, allegedly was assaulted by two of her classmates while attending South County Technical High School, "a branch" of St. Louis County Special School District (School District). Plaintiff, by her next friend, filed suit for personal injuries; in Count I, she sued her classmates, and, in Count II, she sued the School District. The trial court granted the School District's motion to dismiss Count II. Plaintiff appeals. We affirm.

The trial court designated its order dismissing Count II as final for purposes of appeal, Rule 81.06, and, on this record, it is final for that purpose. *Speck v. Union Electric Co.*, 731 S.W.2d 16 (Mo. banc 1987).

In Count I of her petition, plaintiff alleges two of her classmates assaulted her, and she names these classmates and their parents as defendants. In Count II, the Count on appeal, plaintiff names the School District as defendant and alleges the School District was negligent:

1.  ... in failing to maintain a safe school environment for the plaintiff.

2.  ... in maintaining supervision of students resulting in harm to plaintiff.

The sole question on appeal is whether the School District is immune from this negligence action under the doctrine of sovereign immunity. We find it is.

Our Supreme Court abrogated the doctrine of sovereign immunity in *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977). The next year, our legislature "re-enacted" sovereign immunity, § 537.600–610, RSMo. 1978, with two express exceptions. The sovereign is not immune and may be liable for (1) injuries "arising out of motor vehicles" and for (2) injuries caused by the dangerous condition of public property. §§ 537.600.1(1)–(2). Through the years, however, our courts have chipped away at sovereign immunity as applied to "municipalities" or "municipal corporations."[1] *Jones v. State Highway*

---

1.  Whether "municipality" and "municipal corporation" are synonymous depends upon their use.

*See* e.g., *McQullin,* 1 *Municipal Corporations* § 2.20 (3rd ed. 1987). *See also State ex rel St.*

*Commission, supra* at 229. This chipping led to a parallel doctrine under which a "municipality" or a "municipal corporation" may be held liable for injuries caused by its proprietary acts but not for those injuries caused by its governmental acts. *See Dallas v. City of St. Louis,* 338 S.W.2d 39, 41 (Mo.1960).

In Missouri, it has been said, "a school district is in no sense a municipal corporation with diversified powers, but is a quasi public corporation, 'the arm and instrumentality of the State for one single and noble purpose, viz., to educate the children of the district.'" *Kansas City v. School District of Kansas City,* 356 Mo. 364, 201 S.W.2d 930, 933 (1947). Presumably, then, a school district should be protected by the doctrine of sovereign immunity to the same extent as the State. Historically, in Missouri, this was so. *See, e.g., O'Dell v. School District of Independence,* 521 S.W. 2d 403 (Mo. banc 1975). However, in *State ex rel. Allen v. Barker,* 581 S.W.2d 818, 825 (Mo. banc 1979), our Supreme Court appeared to treat a school district as if it were a municipal corporation by applying the proprietary-governmental distinction to the defendant school district's operation of a radio station.[2] Our intermediate courts of appeal followed *Barker's* lead. *See, e.g., Johnson v. Carthell,* 631 S.W.2d 923, 926 (Mo.App.1982); *Allen v. Salina Broadcasting, Inc.,* 630 S.W.2d 225, 226–229 (Mo. App.1982).

In recent decisions of our Supreme Court, however, the Court's statements cast doubt on applying the proprietary-governmental distinction to school districts. *State ex rel. Mo. Dept. of Agr. v. McHenry,* 687 S.W.2d 178, 182 (Mo. banc 1985); *State ex rel. New Liberty Hospital District v. Pratt,* 687 S.W.2d 184, 186 (Mo. banc 1985). In *McHenry,* the Court stated:

"A school district enjoys sovereign immunity, and there is no need to invoke the proprietary-governmental analysis."[3]

It is a policy decision whether to grant a school district the same immunity granted to the State. We leave that decision to our Supreme Court. We need not decide it here, for plaintiff would not prevail under either of the two statutory exceptions to the doctrine of sovereign immunity or under the proprietary-governmental dichotomy.

Plaintiff's petition is based upon an alleged assault. Thus, In Count II, her general allegations of "failing to maintain a safe school environment" and "maintaining [faulty] supervision" cannot sensibly be read as contemplating either a dangerous condition on the school district's property or the operation of vehicles. §§ 537.600.-1(1)–(2). Nor can plaintiff's allegations be read as defining a "proprietary" function. Maintaining a school environment protecting students from assault and supervising children while at school simply serve the purpose of educating the students, a governmental function.

Plaintiff argues the trial court should not have decided the question of a proprietary or governmental function on a motion to dismiss. Assuming the distinction between these two functions would be relevant here, plaintiff's argument still would miss the mark. As shown, the conduct plaintiff complains about is purely a governmental function.

Judgment affirmed.

KELLY and CRIST, JJ., concur.

*Louis Housing Authority v. Gaertner,* 695 S.W.2d 460 (Mo. banc 1985).

**2.** The Court stated: "Since the relator pleaded that that 'defendant is a school district' the presumption is one of immunity. Immunity is the general rule and non-immunity the exception. To come within the exception it is incumbent upon relator to plead sufficient facts to show that the school district, presumptively immune, is engaged in a proprietary rather than a government function." *Id.* at 825.

**3.** In support of this principle, the Court cited, in a footnote, *State ex rel. New Liberty Hospital District v. Pratt; Rennie v. Belleview School District,* 521 S.W.2d 423 (Mo. banc 1975); *Smith v. Consolidated School District,* 408 S.W.2d 50 (Mo. banc 1966). *Id.* at 182, n. 5.