**John DeMARR, Appellant,**

v.

**KANSAS CITY, MISSOURI, SCHOOL DISTRICT, Respondent.**

**No. WD 43023.**

Missouri Court of Appeals, Western District.

Jan. 22, 1991.

Larry Delano Coleman, Kansas City, for appellant.

John R. Phillips, William W. LaRue, Maurice A. Watson, Kansas City, for respondent.

Before LOWENSTEIN, J., Presiding, and SHANGLER and MANFORD, JJ.

LOWENSTEIN, Judge Presiding.

Appellant John DeMarr appeals the trial court's grant of the motion to dismiss of respondent, School District of Kansas City, Missouri, and also the subsequent denial of appellant's motion for leave to file his first amended petition. The reader will note, this appeal concerns only a count for breach of an employment contract with the respondent school district. Section 432.-070, RSMo 1986, *infra.* The bulk of his petition, and of the proposed amended petition, was in tort and ran afoul of the defense of sovereign immunity.

This case involves an employment contract dispute between DeMarr and the School District. DeMarr alleges he was hired by the School District to fill the position of "Videographer/Electronic Field Technician, Magnet," which had as its primary purpose the recruiting of white students to help desegregate the District by attending Magnet schools. The job was described in a personnel bulletin as follows:

General Purpose:

> To produce and display Magnet demonstration materials and to assist in Mobile Unit recruiting efforts.

Responsibilities:

a. Under the direction of the Recruitment Coordinator, to plan, film, and produce videotapes of Magnet classes and related activities;

b. To operate mobile recruiting equipment, including but not limited to video display and computer equipment;

c. To maintain a library of magnet video display and computer assisted instruction demonstration materials;

d. To drive the mobile unit;

e. Assist the Recruitment Coordinator during mobile recruiting activities;

f. Perform other duties as assigned.

DeMarr left positions as a Producer/Director of an Alabama TV station, and as an instructor at Alabama State University to take this job. DeMarr alleged there were substantial differences between the position advertised and the position he filled. These variances are listed fully, *infra*, in a discussion of DeMarr's petition.

DeMarr filed a grievance with the District and received no relief. He then filed a seven count petition against the District. In six counts, he alleged the District committed the intentional torts of wrongful interference with a prospective business advantage, wrongful interference with an employment relationship, misrepresentation, and fraudulent inducement by permitting recruitment of persons for a job the

District knew or should have known did not exist; and the unintentional torts of gross negligence in recruiting and hiring him for an advertised position that they knew or should have known did not exist, and negligent supervision of District agents and employees by permitting them to recruit him for a job that never existed. In his seventh count, DeMarr alleged he was *"an employee at will, without a written contract,"* and as a result, asked the court to imply a contract as a matter of law.

The District moved to dismiss for failure to state a claim upon which relief could be granted. In support of its motion, the District argued that Demarr's claims were barred by sovereign immunity. DeMarr then sought leave to file a first amended petition. In one order, the court denied DeMarr's motion to file an amended petition and granted the District's motion to dismiss. The court reasoned that, despite changes reflected in the first amended petition, the District still had a valid defense of sovereign immunity.

DeMarr then filed a motion to modify the order, which the court treated as a motion to reconsider. The court also denied this motion, reasoning that the original and amended petitions failed to allege sufficient facts to establish a written contract as required by § 432.070, RSMo 1986.[1] The court ruled that DeMarr pled no writing that would conceivably bind both parties, and that the plaintiff could not attempt to amend the petition to file a claim for breach of a contract that he admitted in the original petition did not exist.

As his only point of error on appeal, DeMarr alleges:

> The Circuit Court erred in failing to grant John DeMarr leave to file his first amended petition, as that first amended petition pled sufficient facts to raise an inference of the existence of the type of written contract between John DeMarr

and the Kansas City, Missouri School District to satisfy the requisites of RSMo. section 432.070, since that statute does not require a single document to establish a contract; hence, given the liberal construction accorded pleadings, when confronted with a motion to dismiss, the Court erred in sustaining the District's Motion to Dismiss.

This court will address his point of error in three parts. First, whether the District's motion to dismiss was properly granted. Although not a point on appeal, this court must examine the dismissal as the petition relates to the proffered amended version. Second, if the motion was properly granted, then whether DeMarr's motion for leave to file an amended petition was properly denied. Third, whether DeMarr's motion to modify the court's order was properly denied.

The scope of review for a motion to dismiss a petition for failure to state a claim requires examination of plaintiff's petition, allowing the petition its broadest intendment, treating all facts alleged as true, construing the allegations favorably to determine whether they invoke principles of substantive law entitling plaintiff to relief. *Lowrey v. Horvath,* 689 S.W.2d 625, 626 (Mo. banc 1985). DeMarr's petition included the following legal conclusions:

> The District engaged in willful misrepresentation and/or gross negligence by offering a position when it knew that the position's components either did not exist or had not been approved by the District's Board of Directors. The District acted recklessly and wantonly in recruiting for a position which they knew or should have known did not exist. The District fraudulently induced DeMarr to detrimentally rely upon and to accept their misrepresentation, by leaving his secure job with a CBS affiliate.

1. No county, city, town, village, school, township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such *contract,* including the consideration, *shall be in writing* and *dated* when made, and shall be *subscribed by the parties* thereto, or their agents authorized by law and duly appointed and authorized in writing. (Emphasis supplied.)

As stated earlier, the original petition asked the court to imply a contract since he was, "an employee at will without a written contract." The court reasoned that dismissal was proper because sovereign immunity would effectively bar DeMarr's claims.

■ Sections 537.600–537.610, RSMo 1986, protect public entities from liability and suits for compensatory damages for negligent acts or omissions. There are two exceptions to this general rule. First, sovereign immunity does not apply when the claim is based on the negligent acts or omissions by public employees arising out of the operation of motor vehicles within the course of their employment. Section 537.600.1(1), RSMo 1986. Second, sovereign immunity does not apply when the claim is based on injuries caused by dangerous conditions on the public entity's property. Section 537.600.1(2), RSMo 1986.

A school district "is a quasi public corporation, 'the arm and instrumentality of the State for one single and noble purpose ... to educate the children of the district.'" *Taylor v. Klund*, 739 S.W.2d 592, 593 (Mo. App.1987) (citations omitted). The Taylor court stated "presumably, a school district should be protected by the doctrine of sovereign immunity to the same extent as the State." *Id.* Because DeMarr did not plead facts constituting either of the statutory exceptions under § 537.600.1(1) and (2), sovereign immunity effectively bars De-Marr's claim for relief. The trial court did not abuse its discretion in dismissing De-Marr's petition.

■ Now addressed is the next issue as to whether the trial court properly denied DeMarr's motion for leave to amend his petition after a responsive pleading was filed. Under Missouri Rule of Civil Procedure 55.03(a), leave to amend a pleading "shall be freely given unless justice so requires." The scope of review for a motion for leave to amend a pleading is that the decision "rests within the sound discretion of the trial court and will not be disturbed on appeal unless the trial court obviously abused its discretion." *Scott v. Dowling*, 636 S.W.2d 176, 178 (Mo.App. 1982) (citation omitted). The trial court will be considered to have abused its discretion if justice is subverted by the court's decision. *Id.*

Justice was not subverted in this case. In his *amended* petition, DeMarr sought to join as additional defendants "Dr. George Garcia, in his official capacity as Superintendent, and Ms. Sue Fulsom, in her official capacity as President of the Board of Education." Among other changes, DeMarr revised Count VII. In amended Count VII, DeMarr admitted he was an employee at will and without a single, written contract. He asked the court to aggregate correspondence, minutes, other documents and parol evidence to imply a contract between De-Marr and the defendants. He also added Count VIII, as set out below:

30. Plaintiff alleges that the defendants jointly and severally established a contract with him; and breached their contract with him, in that writings between the defendants and the plaintiff establish the position which the plaintiff was to encumber, and prescribe his duties and responsibilities and set forth arriving here, plaintiff found that the actual position applied, or that represented, and the duties and responsibilities are not those which the defendants represented that they would be, or those which he sought.

31. Plaintiff's hiring was specifically authorized and ratified by a majority of the Board of Education, as an official act, which act proximately caused, and resulted in plaintiff's injuries.

32. Therefore, defendants, jointly and severally, may be found liable to plaintiff under Missouri law for breach of contract, pursuant to RSMo. sections 105.-711(2), 1.060, 522.010, 105.230, 516.130, 432.070, 1ι2.461, 162.511, and/or 162.301.

The trial court denied DeMarr's motion to amend because it reasoned a valid defense of sovereign immunity remained despite the changes present in the amended petition. In his suggestions supporting his motion, DeMarr argued that justice requires the addition of the defendants because "the doctrine of sovereign immunity would otherwise bar his cause of action

against the present defendant, the School District of Kansas City." The doctrine of sovereign immunity, as discussed *supra*, would continue to bar DeMarr's claims despite the addition of the proposed new defendants.

DeMarr then filed a motion to modify the order denying him leave to amend and granting the District's dismissal motion. The court treated the motion as one for reconsideration and denied it. The court reasoned that the original and amended petitions failed to allege facts sufficient to establish a written contract required by § 432.070 (1986), cited *supra* in footnote 1. The court also noted that DeMarr admitted in the original petition that no contract existed.

The requirements of § 432.070 RSMo 1986 are mandatory and not merely directory. *Klotz v. Savannah R–III School District*, 747 S.W.2d 708, 710 (Mo.App.1988) (citing to *Hoevelman v. Reorganized School District R–2 of Crawford County*, 452 S.W.2d 298, 301 (Mo.App.1970)). Furthermore, "persons engaging in business with the school district are charged with knowing the extent and limitation of the school district's powers, the authority of its officers and the manner prescribed by law for the exercise thereof." *Id.* In his contract action against the District, DeMarr must plead and prove the kind of contract required by § 432.070. *Id.* Thus, statutory elements DeMarr must plead include: (1) there is a contract between DeMarr and the District; (2) the contract is in writing and dated when it was made; (3) the contract is subscribed to by the parties to the contract or their agent's authorized by law and duly appointed and authorized in writing; (4) the contract was made within the scope of the District's powers or was expressly authorized by law and; (5) the contract was made upon a consideration wholly to be performed or executed subsequent to the making of the contract.

In DeMarr's original and amended Count VII, he admitted he was an employee at will without a single, written contract. He asked the court to imply a contract and grant relief for its breach. Count VII, both original and amended, are directly opposite of what DeMarr must plead under § 432.070. Case law shows that "theories of estoppel, ratification, or implied contract may not be advanced to circumvent the statute." *Klotz v. Savannah R–III School Dist.*, 747 S.W.2d at 710.

DeMarr relies on *Hoevelman v. Reorganized School District R–2 of Crawford County*, 452 S.W.2d at 302, for the proposition that a series of separate documents constitute a contract under § 432.070. *Hoevelman* is distinguishable on its facts. In *Hoevelman*, a bus driver sued a school district for the balance allegedly owed to him under a nine-month school bus driver's contract. The disputed "contract" consisted of a *one document in contract form* signed by the plaintiff bus driver and attested to by the school board's secretary. The document did not contain the signatures of any school board members. All parol evidence proved that the school board did not give any authority to the secretary to execute the contract. The court held that procedures used to hire the plaintiff were not in substantial compliance with § 432.070, and, thus, the "contract" was not legally enforceable against the defendant school district. *Hoevelman v. Reorganized School Dist. R–2 of Crawford Co.*, 452 S.W.2d at 302. In the case at bar, the "contract" DeMarr relies on exists only, if at all, in the form of "correspondence minutes, other documents and parol evidence."

*Hoevelman* cited to *Lynch v. Webb City School District No. 92*, 418 S.W.2d 608, 614 (Mo.App.1967), for the propositions that compliance with § 432.070 need only be substantial and that the contract need not be in any particular form or even in a single document bearing the signature of the plaintiff and the president of the board and the attestation of the board's secretary. *Lynch*, like *Hoevelman*, is distinguishable on its facts. The disputed "contract" was in fact a document in contract form. The defendant school district tried to avoid the contract, arguing that no contract existed because the board president had not signed it and the board secretary had not attested to it. But the court held that a valid contract existed because board

**542**

meeting minutes showed the teacher was reelected for the next school term and because the plaintiff signed the tendered contract and returned it to the board within the prescribed time limit.

This court elects to give the broad language of *Lynch* narrow application and finds that it does not support Demarr's theory that a contract founded by aggregating a series of separate documents constitutes substantial compliance with § 432.070. Thus, the trial court did not err in refusing to modify or reconsider its order dismissing DeMarr's original petition.

Not well taken is DeMarr's argument of his not being bound by his original petition's "conclusion" of his being an employee at will. He stated in that petition that he had no contract, and the fact that allegation was denied by the defendant does not relieve him from that allegation. In any event, the proposed language in the amended petition still, did not allege a contract as required under the statute and *Klotz, supra.*

Nor did the trial court err in refusing to modify its order denying DeMarr leave to amend his petition. Amended Count VII failed to allege facts to establish a contract under § 432.070 for the same reasons original Count VII failed to allege sufficient facts. New Count VIII's bold allegation was that "defendants jointly and severally established a contract with him ..." Mere legal conclusions unsupported by factual allegations may be disregarded in determining whether a petition states a claim for relief. *Tolliver v. Standard Oil Co.*, 431 S.W.2d 159, 162 (Mo.1968).

From the face of DeMarr's petition it appears that the job he ultimately performed was not the job described in the personnel bulletin upon which he relied. However, without the type of contract required by § 432.070, as mandated by the Missouri Legislature, this court can provide him no remedy.

The judgment of the trial court is affirmed.