Ed BROWNING, Respondent,

v.

**SALEM MEMORIAL DISTRICT HOSPITAL, Appellant.**

No. 17041.

Missouri Court of Appeals,
Southern District,
Division One.

May 13, 1991.

**944**

David G. Neal, Eminence, for appellant.

Daniel N. Bloom, Popkin & Stern, Clayton, for respondent.

CROW, Judge.

Plaintiff Edward E. Browning sued defendant Salem Memorial District Hospital, a hospital district created and existing per "The Hospital District Law," chapter 206, RSMo 1986, as amended. Plaintiff averred defendant hired him as chief executive officer and administrator for a three-year term beginning February 21, 1986, and breached the employment contract by firing him without good cause August 24, 1987.

A jury returned a $63,750 verdict for plaintiff. The trial court entered judgment per the verdict. Defendant appeals.

The first of defendant's three points relied on is:

"This case must be remanded to the trial court with directions to set aside the judgment and dismiss [plaintiff's] suit ... with prejudice, because § 432.070 RSMo 1986 required that the petition state that (1) the hospital, which is a municipal corporation, had the authority to enter into the contract, (2) it was made upon consideration to be performed after the contract became binding, (3) the contract was in writing and dated when made, and (4) it was executed by all members of the hospital's board of trustees or by their agent for them duly authorized in writing to sign on their behalf, and because the initial pleadings did not contain all of those essential allegations it [sic] was not sufficient to confer jurisdiction on the court and the judgment is, therefore, void."

Section 432.070, RSMo 1986, relied on by defendant, states:

"No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing."

Although a chapter 206 hospital district is not listed in § 432.070 as an entity subject to that section, the parties to this suit assume the statute applies to the alleged contract.[1] We therefore proceed on that assumption without deciding whether it is correct.

In support of its contention that plaintiff's petition was required to plead facts demonstrating compliance with § 432.070, defendant cites one case, *Pfitzinger v. Johnson*, 177 S.W.2d 713 (Mo.App.1944). There a mandamus proceeding was brought in circuit court following a final judgment for a plaintiff by a justice of the

---

**1.** Defendant's brief asserts defendant is a municipal corporation as that term is used in § 432.070, hence "in matters of contract [defendant] is subject to the restrictions and protections" of that section. Plaintiff's brief tacitly concedes defendant is a municipal corporation within the meaning of § 432.070, as the brief attempts to demonstrate the alleged contract meets the requirements of that section. For discussions of what constitutes a municipal corporation see the majority and dissenting opinions in *State ex rel. Milham v. Rickhoff*, 633 S.W.2d 733 (Mo. banc 1982), and the unanimous opinion in *City of Olivette v. Graeler*, 338 S.W.2d 827, 835–36 (Mo.1960).

peace in a suit on an alleged contract under § 432.070 (then § 3349, RSMo 1939). At the plaintiff's behest, the circuit court issued a writ of mandamus commanding the judgment debtor—a school district—to levy a tax to pay the judgment. On appeal from that writ by the school district, the St. Louis Court of Appeals declared the judgment of the justice of the peace void because the justice before whom the suit was commenced acquired no jurisdiction over the subject matter. The jurisdictional flaw, said the appellate court, was that the suing party did not comply with § 2571, RSMo 1939, as such party failed to file the instrument sued on, or a statement of the account, or of the facts constituting the cause of action. 177 S.W.2d at 719–20. After the contract suit was filed, but prior to trial, it was transferred by the justice of the peace to another justice, whereupon the suing party filed an "amended" petition. The appellate court held this was a futile attempt to breathe life into the suit which, because of the failure to comply with § 2571 when instituted, was a nullity. 177 S.W.2d at 720[4]. Consequently, the judgment of the justice of the peace who tried the case was void, as jurisdiction over the subject matter did not affirmatively appear on the face of the records. 177 S.W.2d at 720[4] and [5, 6].

After reaching that conclusion, *Pfitzinger* cited *Likes v. City of Rolla*, 184 Mo. App. 296, 167 S.W. 645 (1914), another case involving § 432.070 (then § 2778, RSMo 1909). *Pfitzinger* noted the petition in *Likes* did not allege the materials furnished and work done were under a written contract as required by § 2778. *Pfitzinger*, 177 S.W.2d at 721. *Pfitzinger* then observed *Likes* held no one could recover against a municipal corporation for work done or material furnished except under a valid contract made in the manner authorized by law. *Pfitzinger*, 177 S.W.2d at 721. *Pfitzinger* then quoted the following passage from *Likes*: "The result reached is that the petition does not state a cause of action, *and none is shown by the evidence*." *Pfitzinger*, 177 S.W.2d at 713 (emphasis added).

It is obvious *Pfitzinger* did not hold the judgment of the justice of the peace void on the sole ground that the suing party failed to plead the existence of a written contract made in compliance with § 3349, RSMo 1939. As we have seen, *Pfitzinger* held the judgment of the justice of the peace void because the suing party, in commencing the suit, failed to file the instrument sued on, or a statement of the account, or of the facts constituting the cause of action, as required by § 2571, RSMo 1939. Consequently, the justice of the peace never acquired subject matter jurisdiction over the suit.

After deciding that, *Pfitzinger* stated its second ground for declaring the justice's judgment void, citing the passage from *Likes* that the petition there did not state a cause of action under § 2778, RSMo 1909, and none was shown by the evidence.

Whether the result in *Pfitzinger* would have been the same if the only alleged defect in the suit before the justice of the peace had been the failure of the petition to plead facts demonstrating punctilious compliance with § 3349, RSMo 1939, is unknown.

As reported in the first paragraph of this opinion, plaintiff's petition in the instant case averred defendant hired him for a three-year term beginning February 21, 1986. Attached to the petition and incorporated therein by reference was a copy of a three-page document dated "this ___ day of February, 1986," and captioned "EMPLOYMENT CONTRACT." The document was marked Exhibit 2 at trial.

Among other things, the document (a) states plaintiff's compensation shall be $45,000, (b) lists sundry employee benefits he shall receive, (c) enumerates his job responsibilities, and (d) provides the term of employment shall be three years beginning February 21, 1986. The document also states:

"7. This agreement can be terminated by either party for good cause shown. Termination for any other reason by hospital will result in hospital being required to pay employee as payment in full all monies due or payable hereunder."

Defendant concedes its challenge of the sufficiency of plaintiff's petition was not raised in defendant's motion for new trial.[2] However, observes defendant, Rule 78.07[3] provides questions as to the sufficiency of the pleadings to state a claim need not be included in a motion for new trial in order to be preserved for appellate review.

■ A petition will be found sufficient after verdict if after allowing all reasonable inferences and matters necessarily implied, there are sufficient facts to advise the defendant, with reasonable certainty, as to the cause of action it is called upon to meet and bar another action for the same subject matter. *Davis v. City of St. Louis*, 612 S.W.2d 812, 813–14[4] (Mo.App.1981); *Barber v. Allright Kansas City, Inc.*, 472 S.W.2d 42, 44[3] (Mo.App.1971); *Richard Brown & Son Contracting Co. v. Bambrick Bros. Const. Co.*, 150 Mo.App. 505, 131 S.W. 134, 135 (1910).

Plaintiff's petition clearly meets those requirements. Defendant does not argue otherwise. We hold defendant's first point is governed by the three cases cited in the preceding paragraph.

In so deciding, we have not overlooked *DeMarr v. Kansas City, Mo., School District*, 802 S.W.2d 537 (Mo.App.1991), unmentioned by either party. In *DeMarr* the Western District of this Court upheld a trial court's denial of a motion for leave to file an amended petition. The moving party sought to plead a cause of action on an alleged contract under § 432.070, RSMo 1986. The Western District noted that in earlier pleadings such party had admitted no written contract existed. The opinion stated a petition seeking recovery under a § 432.070 contract must plead the elements set forth in that statute. 802 S.W.2d at 541. However, the issue in *DeMarr* was whether the petition was sufficient to survive a motion to dismiss for failure to state a cause of action. *DeMarr* did not present the situation here, where the sufficiency of plaintiff's petition is challenged only after verdict.

In *Davis*, 612 S.W.2d at 813–14, a city maintained in the appellate court that the suing party's petition failed to plead a cause of action in tort against the city, as the petition failed to allege the city was acting in a proprietary capacity during the incident whence the claim arose. The Eastern District of this Court noted it is basic that to survive a motion to dismiss for failure to state a claim, the proprietary capacity of the city must be alleged in the petition. *Id.* at 814. However, the opinion emphasized that the first time the city raised the failure of the petition to plead proprietary function was in the city's motion after verdict. *Id.* That, said the Eastern District, was too late. *Id.* Having delayed its attack on the petition until after the verdict was rendered, the city could not avail itself of the rule it sought to invoke. *Id.* As the petition pled facts sufficient to apprise the city of the cause of action it was required to defend and was amendable to state a proper claim without changing the cause of action sued upon, the petition was sufficient to withstand attack after verdict. *Id.*

In the instant case the petition on which plaintiff went to trial was a first amended petition filed February 1, 1989. The record contains no motion by defendant attacking that petition on the ground it failed to state a cause of action by omitting facts demonstrating compliance with § 432.070.

Defendant directs us to a motion to dismiss filed by it November 30, 1987. However, that motion attacked an earlier petition, not the one on which the case was tried. Furthermore, the motion did not raise failure to plead facts demonstrating compliance with § 432.070.

■ We hold the petition on which the case was tried was sufficient to advise defendant with reasonable certainty of the cause of action it was called upon to defend. That is confirmed by the trial record, which demonstrates defendant knew exactly the claim plaintiff was asserting. Indeed, the major issue litigated be-

---

**2.** Defendant's lawyer in this appeal did not represent defendant in the trial court.

**3.** Rule references are to Missouri Rules of Civil Procedure (1991).

fore the jury was whether plaintiff's job performance was such that defendant had good cause for firing him.

Applying *Davis*, 612 S.W.2d at 813–14[4], *Barber*, 472 S.W.2d at 44[3], and *Richard Brown & Son*, 131 S.W. at 135, we deny defendant's first point.

Defendant's second point is:

"The trial court erred in admitting into evidence the alleged contract upon which [plaintiff] obtained his judgment for damages (Exhibit 2) and further erred in not sustaining [defendant's] motion for summary judgment and motion for directed verdict, because there were only two ways [defendant] could enter into a binding contract: (1) by the board of trustees reviewing and approving the document while in session, or (2) by passing a resolution containing the exact same terms as the written contract and then giving written authorization to an agent for the board to later execute the contract on its behalf, and because, in this case, the contract was never presented to the board for approval but was signed by the chairman of the board without written authorization, and because the contract contained additional and different terms than the proposed agreement discussed at the meeting of the board, no contract came into existence."

The point attacks three rulings by the trial court: (1) receiving Exhibit 2 in evidence, (2) denying a motion by defendant for summary judgment, and (3) denying defendant's "motion for directed verdict." We address each individually, starting with the first.

Defendant's contention, as we grasp it, is that in order to qualify Exhibit 2 for admissibility, plaintiff had to present evidence demonstrating he and defendant complied with all the requirements of § 432.070. Absent that, as we understand defendant, it was error to receive Exhibit 2 in evidence.

Before offering Exhibit 2, plaintiff testified that prior to being hired by defendant he attended meetings of its board of directors. His testimony:

"Q. In these sessions of the Board that you attended, did you observe the Board reach an agreement of whether or not to employ you?

A. Yes.

Q. And what did they agree to pay you?

. . . . .

A. Forty-five thousand.

Q. And is that annually?

A. Yes, annually, forty-five thousand.

Q. And did they agree to give you a certain contract, a contract for a certain period of years?

A. Yes, they did. I asked for a long term contract and they agreed to this.

Q. What was the length of that contract?

A. Three years.

Q. Everyone in attendance, all the board members in attendance of that meeting?

A. You know, I can't remember for sure, but it seems that they were all there.

Q. Did all the board members agree to that that you observed them?

A. Yes. Well, as far as I know they all agreed to it. No one was opposed to it.

. . . .

Q. Was there anything, any discussion about how this was going to be written up, preparing some sort of a form of a contract?

A. Yes. I said that I could probably get a blank contract type thing from the Missouri Hospital Association. . . . ."

Plaintiff recounted he obtained the form and gave it to a secretary "for her to type up." Plaintiff identified Exhibit 2 as the contract. He identified signatures on it as those of the chairman of defendant's board, the secretary of the board, and his. He avowed Exhibit 2 reflected the agreement he made with defendant and contained no terms to which the board did not agree.

Plaintiff identified Exhibit 12 (a letter dated August 25, 1987, signed by the chairman of defendant's board) as the letter that

informed him his employment was terminated. One passage in it read:

"Paragraph seven (7) of your employment contract provides for termination by either party for good cause shown."

Plaintiff identified Exhibit 23 (a letter dated October 5, 1987) as a letter from defendant's lawyer to the "Missouri Division of Employment." One passage in it read:

"Mr. Browning was under a three year contract which was due to expire in February, 1989. Mr. Browning was terminated under the good cause provision. . . ."

When plaintiff offered Exhibit 2 in evidence, defendant's lawyer objected:

"[Defendant's lawyer]: The basis for the objection, Your Honor, is lack of foundation and lack of compliance with Chapter 432.070, showing that, in fact, a contract had been entered into with the hospital district.

[Plaintiff's lawyer]: Your Honor, I think we are just offering it in that it was signed by Mr. Browning. The legal effect of it is something that is to be decided."

The trial court overruled the objection and received Exhibit 2 in evidence.

Later in plaintiff's evidence he presented minutes of certain meetings of defendant's board. Minutes of a meeting January 21, 1986, show:

"A motion was made by Mr. Biggs to hire Edward Browning as Administrator of Salem Memorial District Hospital. The motion was seconded by Mr. Plank, and it unanimously carried."

Minutes of a meeting January 27, 1986, show it was attended by "Ed Browning, Administrator-elect," and:

"Mr. Browning indicated he has received a standard employment contract which he will submit to the Board for approval as an agreement between Salem Memorial District Hospital and Mr. Browning as Administrator."

■ Admission of improper evidence is harmless error where the fact thereby sought to be shown is otherwise fully and properly established. *Boten v. Brecklein,* 452 S.W.2d 86, 96[21] (Mo.1970); *Cole v. Cole,* 532 S.W.2d 508, 510[3] (Mo.App.1975).

■ Here plaintiff's three-year term, his salary, and the provision he could be fired only for good cause, were collectively shown by his testimony, by Exhibits 12 and 23, and by the minutes of the board meetings. All of that evidence was received without objection. Exhibit 2 added nothing to that evidence on those subjects. We therefore hold its admission in evidence, even if error (an issue we need not decide), was harmless.

What defendant is really arguing is that plaintiff failed to prove Exhibit 2 was a valid contract, as plaintiff's evidence did not demonstrate the contract was made in compliance with § 432.070. That is another way of saying plaintiff's evidence failed to make a submissible case for the jury. As explained *infra,* that contention is not preserved for appellate review. The first complaint of error in defendant's second point is without merit.

The second ruling attacked by defendant's second point is the trial court's denial of a motion by defendant for summary judgment. That ruling was made prior to trial.

■ Denial of a motion for summary judgment is interlocutory, not a final appealable order, and not properly the subject of a point on appeal. *Kelley v. Shelter Mutual Insurance Co.,* 748 S.W.2d 54, 57–58[5] (Mo.App.1988). *See: McCready v. Southard,* 671 S.W.2d 385, 389 (Mo.App. 1984). Consequently, the trial court's denial of defendant's motion for summary judgment supplies no basis for reversal.

The third ruling attacked by defendant's second point is the trial court's denial of defendant's "motion for directed verdict."

■ Defendant moved for a directed verdict at the close of plaintiff's evidence. The trial court denied the motion. Defendant then presented evidence. By doing so, defendant waived any error in the denial of the motion. *Polovich v. Sayers,* 412 S.W.2d 436, 438[2] (Mo.1967); *Holland v.*

*American Republic Ins. Co.,* 779 S.W.2d 775, 776[1] (Mo.App.1989).

■ Defendant failed to move for a directed verdict at the close of all the evidence. In a jury-tried case, the proper way to preserve the question of submissibility for appellate review is to file a motion for directed verdict at the close of all the evidence and to thereafter, in the event of an adverse verdict, assign as error the failure of the trial court to have directed such a verdict in an after-trial motion either for a new trial or to set aside a verdict and enter judgment for the opposite party. *Millar v. Berg,* 316 S.W.2d 499, 502[1] (Mo.1958); *Ukman v. Hoover Motor Express Co.,* 269 S.W.2d 35, 36[1] (Mo.1954). A defendant who seeks to predicate error on a trial court's submission of a plaintiff's claim to a jury must have filed a motion for directed verdict at the close of all the evidence. *Millar,* 316 S.W.2d at 502[2]. Failure of a defendant to move for a directed verdict at the close of all the evidence waives any contention the plaintiff failed to prove a submissible case. *Ball v. American Greetings Corp.,* 752 S.W.2d 814, 819[2] (Mo.App.1988); *Frisella v. Reserve Life Ins. Co. of Dallas,* 583 S.W.2d 728, 731[2] (Mo.App.1979).

Accordingly, the third claim of error in defendant's second point is not preserved for appellate review. Consequently, we need not, and do not, decide whether plaintiff's evidence demonstrated his alleged contract was made in compliance with § 432.070. Defendant's second point is denied.

Defendant's third—and final—point avers the judgment is against the weight of the evidence in that the jury awarded plaintiff "all of his anticipated wages for the remainder of the contract term even though the evidence was undisputed that he found other employment within five ... months and earned more at his new job than ... he would have made had he continued at [defendant's] hospital, which sums the jury was required by law to subtract from the wages he said he lost by breach of the contract."

The only allegation in defendant's motion for new trial even remotely germane to the above contention is:

"That the verdict entered in the above cause is against the weight of the evidence."

■ Subject to certain exceptions inapplicable to defendant's third point, in jury-tried civil cases allegations of error to be preserved for appellate review must be included in a motion for new trial. Rule 78.07; *Crystal Tire Co. v. Home Service Oil Co.,* 525 S.W.2d 317, 322[5] (Mo. banc 1975); *Robbins v. Robbins,* 328 S.W.2d 552, 555[5] (Mo.1959).

In *Johnson v. Flex–O–Lite Manufacturing Corp.,* 314 S.W.2d 75 (Mo.1958), one of the appellants' contentions was that the damages awarded the adverse party were "excessive and against the weight of the evidence." The motion for new trial, however, alleged only that the verdict was against the weight of. the evidence. The Supreme Court of Missouri held the latter allegation insufficient to preserve the issue of excessive damages for appellate review. *Id.* at 84–85[13]–[14]. *Accord: Crawford v. McNece,* 388 S.W.2d 809, 816–17[15] (Mo. 1965).

■ We hold the allegation in defendant's motion for new trial that the verdict "is against the weight of the evidence" is insufficient to preserve defendant's third point for appellate review. *Cargill Inc., Commodity Marketing Div. v. Hale,* 537 S.W.2d 667, 670[7] (Mo.App.1976).

Judgment affirmed.

MAUS, P.J., and PREWITT, J., concur.