Winston ROGERS, et al., Plaintiffs–
Respondents,

v.

Dr. Leslie F. BOND, et al.,
Defendants–Appellants.

No. 74470.

Supreme Court of Missouri,
En Banc.

July 21, 1992.

Robert A. Wulff, Mark R. Dunn, St. Louis, for defendants-appellants.

Elbert A. Walton, Jr., St. Louis, for plaintiffs-respondents.

THOMAS, Judge.

This is an appeal from the trial of a suit for damages for medical malpractice brought by Winston Rogers and by Bobbie Rogers, his wife, for damages for loss of consortium.

## I.  MEDICAL FACTS

Winston Rogers sought medical treatment from Dr. Bond for urination problems.  Dr. Bond diagnosed the problem as a urinary tract infection and prescribed medicine for Winston.  Winston continued to have urinary problems and finally sought emergency treatment at Central Medical Center.[1]  The hospital contacted Dr. Bond who spoke with Winston on the telephone.  Dr. Bond immediately admitted Winston to the hospital for testing.  Dr. Bond determined that Winston had gallstones, which would require surgery.

On the morning of the scheduled surgery, according to Dr. Bond's medical notes, Dr. Bond used a gastroscope to view Winston's stomach and located a duodenal ulcer that appeared to Dr. Bond to be active.  Prior to the surgery, Dr. Bond asked Winston if he was aware of the ulcer.  Winston claims that he told Dr. Bond that the ulcer had healed and that it did not

---

1.  Originally, Central Medical Center was also a named defendant in this cause of action.  The jury returned a verdict in favor of Central Medi-  cal Center after the first trial.  Plaintiffs have taken no action to pursue an appeal of that verdict.

bother him anymore. Dr. Bond told Winston that he would "take care of" the ulcer when he performed the gallstone operation. During the gallstone surgery, Dr. Bond removed one-third of Winston's stomach to cure the ulcer. Winston was informed of this after his surgery. A pathological examination of the tissue removed from Winston's body revealed an ulcer that was "healed."

Within one week of his discharge, Winston was readmitted to the hospital due to a stomal obstruction of the gastroenterostomy (an obstruction in the new opening between the stomach and the intestine), which caused severe abdominal pain, dehydration and nausea. Winston was released and readmitted two days later for an additional obstruction that developed. Once again, Winston was released and readmitted with the same symptoms within two days. Dr. Bond then performed surgery on Winston to remove the blockage between the stomach and the intestine. Winston's symptoms were alleviated after this operation.

Winston and Bobbie Rogers filed suit against Dr. Bond and Metropolitan Medical & Health Services, Inc. The jury returned a $300,000.00 verdict for Winston and a $7,250.00 verdict in favor of Bobbie. Defendants filed a Motion for JNOV or in the Alternative a Motion for New Trial. The trial judge overruled the motion with respect to Winston's verdict but sustained the defendants' Motion for New Trial as to Bobbie's verdict. Five months later, the trial court proceeded with a retrial of Bobbie's cause of action and the jury returned a verdict for the defendants. This constituted a final disposition of the case at the trial level. Dr. Bond and Metropolitan Medical & Health Services, Inc., appealed the verdict rendered in favor of Winston Rogers. Bobbie Rogers filed a notice of appeal of the trial court's granting of defendants' Motion for New Trial following the first trial. The court of appeals affirmed the judgment in favor of Winston Rogers but dismissed Bobbie Rogers' appeal, finding Bobbie Rogers waived her right to appeal the granting of a new trial by failing to appeal the trial court's order

before the second trial. Both plaintiffs and defendants sought review by this Court.

## II. CROSS–APPEAL OF PLAINTIFF BOBBIE ROGERS

Bobbie Rogers appeals the trial court's order that granted a new trial of her cause of action. Her appeal, however, comes too late. An order granting a motion for a new trial is an appealable order. § 512.020, RSMo 1986. The retrial of the case before an appeal is taken waives any error that could have been alleged at that time. It is too late to complain after the second trial produces a different result. *Jones v. Columbia Mutual Insurance Company*, 636 S.W.2d 132, 134 (Mo.App. 1982). Allowing a party to choose "the most profitable of the two [judgments is] a species of gambling not allowed in a court of justice." *In re Marriage of Neal*, 699 S.W.2d 92, 95 (Mo.App.1985), citing *Davis v. Davis*, 8 Mo. 56, 58 (1843). Bobbie's failure to appeal prior to the retrial precludes her from assigning error to the order now. Therefore, we dismiss the cross-appeal of Bobbie Rogers.

## III. INSTRUCTIONAL ERROR

Defendants allege that the trial court erred in submitting plaintiffs' verdict director, Instruction No. 9. Instruction No. 9 read as follows:

Your verdict must be for the plaintiff Winston Rogers on his claim against defendants Leslie Bond and Metropolitan Medical & Health Services, Inc., if you believe:

First, defendant Leslie Bond, either:

1. Performed ulcer surgery upon Plaintiff Winston Rogers without the consent of Plaintiff Winston Rogers, or

2. Prior to performing ulcer surgery on plaintiff Winston Rogers, failed to advise, inform or warn plaintiff Winston Rogers of the material complication, danger or risk of Plaintiff Winston Rogers' anastomosis closing off or becoming obstructed following said ulcer surgery, but nevertheless performed ulcer surgery on plaintiff Winston Rogers, or

3. Prior to performing ulcer surgery on plaintiff Winston Rogers, failed to disclose, advise, inform or warn plaintiff Winston Rogers of all material complications, dangers or risks of the operation, but nevertheless performed said ulcer surgery on plaintiff Winston Rogers, or

4. Performed ulcer surgery on plaintiff Winston Rogers eventhough [sic] the ulcer in plaintiff Winston Rogers' duodenum was healed and not active at the time of said surgery, or

5. Performed ulcer surgery on plaintiff Winston Rogers eventhough [sic] the ulcer in plaintiff Winston Rogers' duodenum was not bleeding, or was not perforated or was not intractably painful, or

6. Knew or should have known that the ulcer surgery on plaintiff Winston Rogers was unecessary [sic] and likely to result in material complications or injury to plaintiff, but nevertheless advised and performed the ulcer surgery, or

7. Performed unnecessary ulcer surgery on plaintiff Winston Rogers, and

Second, defendant Bond was thereby negligent, and

Third, as a direct result of such negligence plaintiff Winston Rogers sustained damage.

Defendants claim that the instruction violated Rule 70.02(a), which provides, in pertinent part, as follows:

All instructions shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts.

Prior to the adoption of the Missouri Approved Jury Instructions (MAI) in 1965, Missouri instructions were long and complex, partially due to the practice of requiring the jury to find evidentiary facts rather than ultimate issues. It was not unusual to find an instruction in *Missouri Instructions to Juries* (1942), written by Walter A. Raymonds, the preeminent instruction form book in use at the time, that extended over several pages and consisted of only one sentence. Such an instruction resulted, in part, from the practice of attorneys repeating the allegations set forth in their pleadings in the jury instruction. This also caused pre-MAI instructions to be excessively wordy by reason of "shotgun" type language often used at the pleading stage to allege all possible shades of meaning in describing their claims.

Missouri ushered in a whole new approach to instructing the jury in civil cases by adopting MAI in 1965. The backbone of this new approach is represented in Rule 70.02(a), quoted above. The requirement that the instructions be simple, brief and free from argument carries with it several concepts, including that the instructions be as short as possible and that they not be repetitious by including unnecessary duplications.

■ Plaintiffs' verdict director, Instruction No. 9, violates this rule several times. Although defendants' instruction contains seven subparagraphs of specifications of negligence, it really only submits three theories: (1) lack of consent, (2) lack of informed consent, and (3) unnecessary surgery. Subparagraphs 2 and 3 both submit the absence of information necessary to establish lack of informed consent. Subparagraphs 4, 5, 6 and 7 each submit the issue of whether the operation was unnecessary. Submitting the same element of a case more than once violates Rule 70.02(a) for several reasons. First, it makes the instruction excessively long as well as complex and confusing to the jury. Second, it overemphasizes one particular aspect of the plaintiffs' case and, in this sense, it is argumentative. Closing argument is counsel's opportunity to convince the jury of counsel's position as to what is important in the case. There is no place in the MAI instruction system to use the instructions for this purpose. For example, the first time plaintiffs submitted their claim that the operation was unnecessary fully instructed the jury on this issue; the additional three submissions of that same issue were pure argument and thus violated Rule 70.02(a). By the same token, plaintiffs' submission in subparagraphs 2 and 3 of the allegation that defendants failed to properly inform plaintiff Winston Rogers of the risks of the ulcer surgery constitutes the same type of error of improper duplication.

On their face, subparagraphs 2 and 3 are not identical in that subparagraph 2 submitted the failure to disclose the specific risk of "Winston Rogers' anastomosis ... becoming obstructed," while subparagraph 3 submitted the failure to disclose "all material complications, dangers or risks of the operation." Defendants assert that subparagraph 3, which gives the jury no guidance as to the particular risks to be disclosed, constitutes a roving commission. This objection is well-taken. A roving commission in this circumstance is particularly prejudicial because of the likelihood that the jury may consider the failure to inform of risks that are not causal under the evidence.

In addition, Instruction No. 9 contains several synonymous words or phrases. For example, in subparagraph 3 of Paragraph First, plaintiffs submit that defendants "failed to *disclose, advise, inform* or *warn* plaintiff Winston Rogers of all *material complications, dangers* or *risks* of the operation,...*.*" (Emphasis added.) Subparagraphs 2, 4, 5 and 6 also contain strings of words or phrases that are similar duplications. A search through MAI for a series of terms used in this manner would be in vain. Such submissions are improper under Rule 70.02(a) because they are confusing as well as argumentative. To the extent that the jury interprets the words to be exact synonyms, they are repetitious and, therefore, argumentative. To the extent that the jury interprets the words to carry different shades of meaning, the jury is not instructed as to whether they are disjunctive or conjunctive requirements. While the "shotgun" approach may be appropriate at the pleading stage, it has no place at the instruction stage and particularly not under the MAI instruction system.

Plaintiffs' Instruction No. 9 is the exact opposite of what an MAI instruction is supposed to be. The MAI instruction system is one of the most significant improvements in the civil litigation system of Missouri in recent years. The use of simple, brief, non-argumentative language is its most salient feature. If we were to approve plaintiffs' Instruction No. 9, we would be ignoring most of the guiding principles upon which MAI is grounded. Instruction No. 9 constitutes prejudicial error because it is not simple, it is not brief and it is not free from argument, all of which are required by Rule 70.02(a).

■ Plaintiffs assert that the defendants' failure to make specific objections to the instruction at the instruction conference waives their right to complain. The following exchange took place at the instruction conference:

THE COURT: Is there anything else that should be addressed now?

[DEFENSE COUNSEL]: I preserve my objection to these instructions, but I did see plaintiff's verdict directors which are 9 and 15, those against Doctor Bond and his company, and I pointed out yesterday and again today that these instructions are *argumentative*, they are not supported by the evidence, they misconceive the informed consent doctrine and whether it's a subjective or objective standard, and therefore I think it's—in addition, it's not supported by the evidence, just numerous allegations of negligence here that are not supported or *duplications*.

Further, it gives the jury a roving commission and that they are so interwoven these prayers in here it's hard to be more specific at this time.

These have been called to [Plaintiffs' counsel's] attention, and I preserve whatever other objection I have to the instructions.

(Emphasis added.)

Rule 70.03 continues to provide that counsel need not object to instructions prior to the filing of a motion for a new trial. We have indicated, however, that we will consider the absence of an objection in certain circumstances as bearing on the question of whether the error is prejudicial. *See, Fowler v. Park Corp.,* 673 S.W.2d 749 (Mo. banc 1984) and *Hudson v. Carr,* 668 S.W.2d 68 (Mo. banc 1984). The rationale of these cases is that instructional error is not likely to mislead the jury if it is so obscure that counsel fails to recognize the error and object to it. Instruction No. 9

deviates from MAI so substantially and so obviously that we doubt that this rationale applies in this instance. In any event, defendants' counsel pointed out on the record that Instruction No. 9 was argumentative and contained duplications of specifications of negligence. These objections were exactly "on target." See our discussion above. Plaintiffs' contention that the errors in Instruction No. 9 were not preserved is without merit.

We reverse and remand to the trial court for a retrial of Winston Rogers' medical malpractice claim against Dr. Leslie F. Bond and Metropolitan Medical & Health Services, Inc., consistent with this opinion. Because we reverse on the issue discussed herein, it is unnecessary for us to rule on other issues raised by defendant in this appeal.

ROBERTSON, C.J., COVINGTON, HOLSTEIN and BENTON, JJ., and TURNAGE and FENNER, Special Judges, concur.

PRICE, J., not sitting because not a member of the Court when case was submitted.