**ST. FRANCIS MEDICAL CENTER,**
Plaintiff–Respondent,

v.

**William J. PENROD, Defendant–Appellant,**

and

**Vicki J. Penrod (now Vicki J. Chesnick), Defendant.**

No. 20821.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 9, 1996.

Motion for Rehearing and Transfer to Supreme Court Denied Jan. 8, 1997.

Application to Transfer Denied
Feb. 25, 1997.

Walter S. Drusch, Lowes & Drusch, Cape Girardeau, for appellant.

Daniel P. Finch, Finch and Moss Law Firm, Cape Girardeau, for respondent.

CROW, Presiding Judge.

St. Francis Medical Center ("Hospital") sued William J. Penrod and Vicki J. Penrod to collect sums allegedly owed by them for medical care and treatment. Hospital won a jury verdict, but the trial court ordered a new trial. Hospital again won a verdict. This time, the trial court entered judgment for Hospital.

William [1] alone appeals from the judgment. His two points relied on maintain the judgment should be reversed and he should be exonerated from Hospital's claim because of errors that allegedly occurred during and after the first trial, but prior to the second. Discussion of the assignments of error requires a chronology of the relevant events.

The litigation began upon the filing of Hospital's petition designated "Suit on Account." At the conclusion of the opening statement by Hospital's lawyer at the first trial, William's lawyer [2] requested, and received, a bench conference. This dialogue occurred:

"MR. DRUSCH [3]: ... Mr. Finch [4] has completed his opening statement and we think there ought to be a directed verdict because he didn't cover the (inaudible) cause of action at all.

MR. FINCH: You don't have to in opening statement.

MR. DRUSCH: Sure you do. But if you make one you've got to have all the element.

. . . .

THE COURT: ... I'll overrule the motion. . . ."

After the testimony of Hospital's final witness, a debate arose regarding admissibility of some of Hospital's exhibits. William's lawyer said:

"We object to all of the medical records because we feel that there's not a proper foundation. There's been no evidence regarding the reasonableness of the charges. . . . That's part of our motion for directed verdict, as there was no such testimony."

The record contains a "Motion for Directed Verdict at Close of Plaintiff's Case" filed by William's lawyer. It reads, in pertinent part:

"Plaintiff has failed to prove that it has made a reasonable charge for each and every item of its account and therefore its entire account must fail."

William's lawyer persisted in that contention, arguing:

"[T]here's been no proper evidence ... to show that the charges are reasonable. . . . And there was no such attempt to have the reasonableness established.

. . . .

1. William and Vicki were formerly husband and wife. At the first trial, Vicki identified herself as Vicki Chesnick and testified she and William were divorced in October, 1993. For convenience and clarity, we refer to William and Vicki by their respective forenames. We mean no disrespect.

2. William was represented by counsel throughout this litigation. Vicki appeared pro se.

3. William's lawyer.

4. Hospital's lawyer.

[W]e didn't have testimony on the reasonableness at all. That word hasn't entered into our case as yet.

. . . .

We have had no question nor answer regarding the reasonableness of any charge."

The trial court denied William's motion. William thereupon presented evidence. Vicki presented no evidence, and Hospital presented no rebuttal evidence.

The record contains a "Motion for Directed Verdict at Close of All Evidence" filed by William's lawyer. It reads, in pertinent part:

"Defendants [sic] renew their motion for directed verdict at close of Plaintiff's case. . . . Plaintiff has failed to prove each and every element of its case as pled in the complaint. . . ."

The trial court denied William's motion.

Although the jury instructions are not in the legal file, we gather from the transcript of the instruction conference that Hospital submitted its claim on the theory of quantum meruit. As reported in the first paragraph of this opinion, the jury rendered a verdict for Hospital.

William thereafter filed a timely "Motion for Judgment Notwithstanding Verdict." We henceforth refer to it as "JNOV[5] Motion I." It averred, *inter alia:*

"1. [William] is entitled to a judgment in his favor in that the Plaintiff in its opening statement failed to include therein the essential element that the charges for medical goods and services which it furnished were 'reasonable'. The jury instruction . . . submitted by the Plaintiff and given to the jury required as a specific finding . . . that the Plaintiff's charges were 'reasonable', and the Plaintiff was obviously proceeding under the theory of . . . 'quantum meruit', and which has as its basis that the recovery sought by the plaintiff for goods and services are [sic] reasonable. . . .

. . . .

The Court will recall that at the close of the Plaintiff's opening statement, [William] . . . requested a directed verdict based upon the failure of the Plaintiff to include the reasonableness of the charges in its opening statement. . . .

. . . .

3. The Plaintiff failed to elicit . . . proof, oral or written, upon the issue of the reasonableness of the goods and services . . . provided by the Plaintiff. . . . It is obvious from the Plaintiff's submission of its verdict directing instruction that it is relying upon the theory of 'quantum meruit' for its recovery . . . and hence, in accord with the elements of 'quantum meruit' and the verdict directing instruction submitted by the Plaintiff and given by the Court to the jury, it is part of the Plaintiff's burden of proof to provide evidence regarding the reasonableness of the charges but, as previously mentioned, none was adduced."

Simultaneously with the filing of JNOV Motion I, William filed an "Alternative Motion for New Trial to Defendant William J. Penrod's Motion for Judgment Notwithstanding the Verdict of the Jury." We henceforth refer to the latter motion as "Motion for New Trial I." It pled, *inter alia,* that the trial court should grant a new trial for the reasons set forth in paragraphs 1 and 3 of JNOV Motion I (quoted above).

The trial court granted a new trial on two grounds. As we comprehend the court's order, the first ground was that Hospital's lawyer, in opening statement, failed to assert that Hospital's charges were reasonable, an element of a claim in quantum meruit. The second ground was:

"[T]he Court, on its own initiate [sic], reviews the file and notes that the verdict form was signed by only nine (9) members of the jury and that one of the signing members was a juror who consistently slept throughout the trial, despite the Court's best efforts to keep her awake and

**5.** Judgment *non obstante veredicto.* Notwithstanding the verdict. A judgment rendered in

favor of one party notwithstanding a verdict in

attentive." [6]

At retrial, after Hospital's evidence, William moved for a directed verdict. The trial court denied the motion. William thereafter presented evidence. Vicki presented no evidence; Hospital presented rebuttal evidence. As reported in the first paragraph of this opinion, the jury rendered a verdict for Hospital and the trial court entered judgment per the verdict.

According to the trial court's docket sheet, William filed two motions after the retrial. One was a "Motion for Judgment Notwithstanding Verdict." We henceforth refer to it as "JNOV Motion II." We find no copy of it in the record.

William's other motion was an "Alternative Motion for New Trial to Defendant William J. Penrod's Motion for Judgment Notwithstanding the Verdict of the Jury." We henceforth refer to it as "Motion for New Trial II." A copy of it is in the record.

Motion for New Trial II sets forth three grounds allegedly warranting a new trial. Those grounds present none of the issues raised after the first trial by paragraphs 1 and 3 of JNOV Motion I (quoted supra).

The trial court denied JNOV Motion II and Motion for New Trial II. This appeal followed.

William's first point relied on reads:

"The trial court erred in failing to direct a verdict in favor of [William] at the close of the Plaintiff's opening statement in the [first] trial ... and the trial court also failed to sustain [William's] motion for a judgment notwithstanding the verdict in that the Plaintiff failed to state in its opening statement in the [first] trial ... that the charges for which it was seeking recovery are reasonable, and which is an essential element of the Plaintiff's case."

The point complains about two rulings: (1) denial of William's motion for a directed verdict at the close of Hospital's opening statement in the first trial; (2) denial of JNOV Motion I. We address them separately.

As to the first, we immediately confront the problem of whether William, appealing from the judgment for Hospital after the retrial, can complain about the denial of his motion for a directed verdict following Hospital's opening statement in the first trial. For the reasons set forth below, we hold he cannot.

A defendant who moves for a directed verdict at the close of the plaintiff's evidence, receives an adverse ruling, and thereafter presents evidence, waives any error in the denial of the motion. Polovich v. Sayers, 412 S.W.2d 436, 438 [2] (Mo.1967); Browning v. Salem Memorial District Hospital, 808 S.W.2d 943, 948 [6] (Mo.App.S.D.1991).

We have searched for a case that decides whether a defendant who moves for a directed verdict at the close of the plaintiff's opening statement, receives an adverse ruling, and thereafter (following the plaintiff's evidence) presents evidence himself, waives any error in the denial of the motion. We have found no such case.

However, we learn from Zabol v. Lasky, 498 S.W.2d 550, 553 [1] (Mo.1973), that the primary purpose of a plaintiff's opening statement is not to test the sufficiency of his anticipated evidence, but is to inform the judge and the jury in a general way of the nature of the action so as to enable them to understand the case and appreciate the significance of the evidence as it is presented. Furthermore, a plaintiff's opening statement is not intended to contain all, or even a major part, of his case and he is not confined in his presentation of evidence to proof of the facts recited therein. Id. at 554 [6].

Those principles, coupled with (a) cases such as Polovich and Browning, supra, which hold that a defendant who moves for a directed verdict at the close of the plaintiff's evidence, receives an adverse ruling, and thereafter presents evidence, waives any error in the denial of the motion, and (b) the fact that Hospital's opening statement preceded its evidence, convince us that William, by presenting evidence at the first trial, waived any error in the denial of his motion

---

favor of the other. Black's Law Dictionary (6th ed. 1990) 1055.

6. Neither JNOV Motion I nor Motion for New Trial I complained about a sleeping juror.

for a directed verdict following Hospital's opening statement at that trial.[7]

■ Furthermore, subject to certain exceptions inapplicable to the first complaint in William's first point, in jury-tried civil cases allegations of error to be preserved for appellate review must be included in a motion for new trial. Rule 78.07[8]; *Crystal Tire Co. v. Home Service Oil Co.*, 525 S.W.2d 317, 322 [5] (Mo. banc 1975); *Browning*, 808 S.W.2d at 949 [9]. The first claim of error in William's first point does not appear in Motion for New Trial II.

For the reasons set forth in the five preceding paragraphs, we hold the first complaint in William's first point is not preserved for review.

The second complaint in William's first point is that the trial court erred in denying JNOV Motion I. William maintains the motion should have been granted because Hospital "failed to state in its opening statement in the [first] trial ... that the charges for which it was seeking recovery are reasonable...."

Motions for judgment notwithstanding the verdict in jury-tried civil cases are authorized by Rule 72.01 which provides, in pertinent part:

"(b) **Motion for Judgment Notwithstanding the Verdict.** A party may move for a directed verdict at the close of all the evidence. Whenever such motion is denied ... the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than thirty days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with the motion for a directed verdict.... A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative...."

As we have seen, William moved for a directed verdict at the close of all the evidence at the first trial and thereafter timely filed JNOV Motion I. He thus satisfied the requirements of Rule 72.01(b).

However, Hospital argues that the second claim of error in William's first point is ineligible for review because no one appealed from the order granting the retrial and "[r]etrial of a case before an appeal is taken waives any alleged error from the first trial."

The pertinent law is found in *Community Title Company v. Roosevelt Federal Savings and Loan Association*, 796 S.W.2d 369 (Mo. banc 1990). There, the plaintiffs won a jury verdict. The defendant thereafter moved for judgment notwithstanding the verdict or, alternatively, a new trial. The trial court ordered a new trial because the verdict was against the weight of the evidence. Both sides appealed. The defendant claimed the trial court should have granted the motion for judgment notwithstanding the verdict.

The Supreme Court of Missouri held:

"The trial court's order granting new trial removed any adverse judgment that might have aggrieved [the defendant]. The [defendant's] cross appeal must be dismissed. § 512.020, RSMO 1986; *Robbins v. Jewish Hospital of St. Louis*, 663 S.W.2d 341, 344 (Mo.App.1983).

Even so, [the defendant] has consistently contested the submissibility of plaintiffs' cases in post trial motions and in its responding brief on appeal. The appeal by plaintiffs of the order granting a new trial is clearly authorized by § 512.020. That appeal permits [the defendant] to challenge and this Court to decide whether plaintiffs made a submissible case. [Citations omitted.] If plaintiffs failed to make

---

7. We are mindful that one of the grounds on which the trial court ordered the retrial was that Hospital's lawyer, in opening statement at the first trial, failed to assert that Hospital's charges were reasonable. In view of our holding that William, by presenting evidence, waived any error in the denial of his motion for a directed verdict at the close of Hospital's opening statement, it appears the trial court erred in utilizing

the ground in the preceding sentence as one of the bases for ordering the retrial. However, that issue is not raised in this appeal so we need not decide it.

8. Rule references are to Missouri Rules of Civil Procedure (1996).

a submissible case, the order for new trial must be reversed and the cause remanded for entry of a judgment notwithstanding the verdict."

*Community Title Company,* 796 S.W.2d at 370–71 [1] and [2].

The Supreme Court held the plaintiffs failed to make a submissible case; consequently, the court reversed the order granting a new trial and remanded the case to the trial court for entry of a judgment in favor of the defendant notwithstanding the verdict. *Id.* at 374.

William maintains that because the trial court ordered the retrial, he could not, prior to this appeal, obtain appellate review of the trial court's refusal to grant JNOV Motion I. Now, says William, having suffered an adverse verdict and judgment for Hospital upon retrial, he can assert the trial court should have granted JNOV Motion I.

Hospital cites only one case in opposition to William's contention: *Rogers v. Bond,* 839 S.W.2d 292 (Mo. banc 1992). There, a husband and wife won a jury verdict against two defendants. The trial court ordered a new trial on the wife's claim. On retrial, the wife lost. She appealed, arguing the trial court erred in ordering the retrial. The Supreme Court of Missouri held:

> "[The wife's] appeal ... comes too late. An order granting a motion for a new trial is an appealable order. § 512.020, RSMo 1986. The retrial of the case before an appeal is taken waives any error that could have been alleged at that time. It is too late to complain after the second trial produces a different result. Allowing a party to choose 'the most profitable of the two [judgments is] a species of gambling not allowed in a court of justice.' [The wife's] failure to appeal prior to the retrial precludes her from assigning error to the order now."

*Id.* at 293 [1, 2] (citations omitted).

The difference between *Rogers* and the *instant case is obvious. In *Rogers,* the wife (a plaintiff) won the first trial. The retrial was ordered at the instance of the defendants. The wife could have appealed that

order, but didn't. Hence, she waived any error in the award of the retrial.

Here, after losing the first trial, William moved for a new trial (Motion for New Trial I). The trial court ordered the retrial because of one of the complaints in that motion (and also because of the sleeping juror). It is clear from *Community Title Company* that having been granted the retrial, William could not, prior to retrial, obtain appellate review of the trial court's refusal to grant JNOV Motion I. However, that does not mean he can, in this appeal, obtain reversal on the ground set forth in the second claim of error in his first point.

That claim of error hypothesizes that JNOV Motion I should have been granted because of a fatal omission in Hospital's opening statement. We have already held that by presenting evidence at the first trial, William waived any error in the denial of his motion for a directed verdict following Hospital's opening statement at that trial.

■ Employing the same rationale, and based on the authorities cited in support of that holding, we hold that by presenting evidence at the first trial, William waived any subsequent claim that the trial court should have granted JNOV Motion I because Hospital's opening statement was deficient. Consequently, the second complaint in William's first point is not preserved for review.

Furthermore, under Rule 72.01(b), quoted *supra,* a motion for a directed verdict at the close of all the evidence is a condition precedent to a motion for judgment notwithstanding the verdict. A defendant's motion for a directed verdict at the close of all the evidence challenges the sufficiency of the *evidence* to make a case for the plaintiff. *Cf. Oventrop v. Bi–State Development Agency,* 521 S.W.2d 488, 495 [16] (Mo.App.1975).

■ A motion for judgment notwithstanding the verdict presents the same issues as a motion for a directed verdict at the close of all the evidence, i.e., whether the claimant made a submissible case. *Wells v. Orthwein,* 670 S.W.2d 529, 532 [1] (Mo.App.E.D.1984). However, that is not the issue on which William bases the second claim of error in his first point. The basis for that claim of error

is that Hospital's *opening statement* was deficient. William insists the trial court should have granted JNOV Motion I because Hospital's lawyer, in opening statement, failed to say Hospital's charges were reasonable.

William cites no authority for the proposition that a defendant is entitled to judgment notwithstanding the verdict because the plaintiff's *opening statement* was deficient. We are aware of no such authority. Consequently, we hold the second complaint in Williams's first point would have been futile had it been preserved.

William's second point reads:

"The trial court erred in failing to direct a verdict in favor of [William] in the [first] trial ... and in failing to grant [William's] motion for a judgment notwithstanding the verdict rendered in this case in favor of [Hospital] because in the [first] trial ... [Hospital] failed to provide testimony sufficient to establish that the charges for the goods and services furnished by ... Hospital ... were reasonable, such being an essential element to [Hospital's] cause of action."

Unlike William's first point, which assails Hospital's *opening statement* at the first trial, William's second point challenges the sufficiency of the *evidence* at the first trial to make a submissible case for Hospital. As we have seen, paragraph 3 of JNOV Motion I averred the evidence was insufficient in that there was no proof that Hospital's charges were reasonable.

Earlier, we learned from *Community Title Company,* 796 S.W.2d at 370 [1], that inasmuch as William sought, and received, a retrial, he could not, prior to this appeal, obtain appellate review of the trial court's refusal to grant JNOV Motion I. Accordingly, one might assume William's second point is cognizable in this appeal. However, for the reasons set forth below, we hold otherwise.

After the first trial, William filed JNOV Motion I and Motion for New Trial I, as permitted by Rule 72.01(b). At that time, it was clear from *Community Title Company* that if the trial court rejected JNOV Motion I but ordered a retrial, William could not obtain appellate review of the refusal to grant JNOV Motion I. However, had the trial court denied both motions and entered judgment for Hospital, William could have appealed from that judgment and assigned the trial court's rulings as error.

We further note that after the first trial, William could have chosen to file only JNOV Motion I without filing Motion for New Trial I. Had he done that, and had the trial court denied JNOV Motion I and entered judgment for Hospital, William could have appealed from that judgment and claimed the trial court erred in denying JNOV Motion I.

■ Given the alternatives available to William in the two preceding paragraphs, we hold that William, by filing and pursuing both JNOV Motion I and Motion for New Trial I, elected to accept a retrial if one were granted, realizing such relief would bar appellate review of the trial court's denial of JNOV Motion I. We infer William concluded he had a better chance to prevail at a retrial than to convince a reviewing court that JNOV Motion I was meritorious.

Were we to review, in this appeal, the trial court's denial of JNOV Motion I and hold it erroneous, we would create precedent allowing a defendant two chances to escape an adverse verdict: first, by receiving a retrial, and second, if unsuccessful at retrial, an opportunity to win on appeal by claiming the trial court should have granted judgment notwithstanding the verdict at the first trial. That would be contrary to the principle in *Rogers,* 839 S.W.2d at 293, that a party who chooses one of two alternatives after trial should not thereafter be allowed to pursue the rejected alternative if the chosen alternative is unsuccessful.

We do not believe the Supreme Court of Missouri, in promulgating Rule 72.01(b), intended to allow a party who suffers an adverse verdict to obtain a new trial, again suffer an adverse verdict, and thereafter claim on appeal that the trial court should have granted such party's motion for judgment notwithstanding the verdict after the first trial.

The cases cited by William in support of his theory that the trial court's failure to grant JNOV Motion I is reviewable in this

appeal are not in point. They are *Mrad v. Missouri Edison Co.*, 649 S.W.2d 936 (Mo. App.E.D.1983), and *Grady v. American Optical Corp.*, 702 S.W.2d 911 (Mo.App.E.D. 1985). In each, the plaintiff won a jury trial, but the trial court granted a new trial. In each, both sides appealed. In each, the appellate court held the award of the new trial removed the adverse judgment against the defendants, hence the denial of their motions for judgment notwithstanding the verdict did not constitute a final judgment under § 512.020 or adversely affect or aggrieve them so as to give them standing to appeal. *Mrad*, 649 S.W.2d at 941 [5]; *Grady*, 702 S.W.2d at 913. Accord: *Community Title Company*, 796 S.W.2d at 370[1].

Nonetheless, the appellate court in both *Mrad* and *Grady* held that where the record shows a plaintiff cannot recover under the law and evidence, the court will direct entry of judgment for the defendant and spare another trial. *Mrad*, 649 S.W.2d at 942[7]; *Grady*, 702 S.W.2d at 913. Accord: *Community Title Company*, 796 S.W.2d at 370–71[2].

What happened in those cases did not happen here. Hospital did not appeal from the order granting the retrial, hence this Court did not have an opportunity to decide, prior to retrial, whether Hospital could recover. As it turned out, Hospital did recover at retrial, and William assigns no error regarding the retrial.

In these circumstances, it would be unthinkable to nullify the errorless retrial by holding the trial court should have granted JNOV Motion I. William cites no case where such relief has been granted, and we find none.[9]

For the foregoing reasons, we hold William's second point is not reviewable in this appeal.

Judgment affirmed.

MONTGOMERY, C.J., and PARRISH, J., concur.

---

9. In *Helton Construction Company, Inc. v. Thrift*, 865 S.W.2d 419 (Mo.App.S.D.1993), the trial court, *sua sponte*, declared a mistrial after all sides rested, then disqualified himself. Upon retrial, the plaintiff won. On appeal, one of the defendants' claims of error was that the judge at the first trial erred in declaring the mistrial. This Court held the claim was ineligible for review. *Id.* at 422–23.

---

**ON MOTION FOR REHEARING OR, IN THE ALTERNATIVE, FOR TRANSFER TO SUPREME COURT OF MISSOURI**

PER CURIAM.

In a motion for rehearing or, in the alternative, for transfer to the Supreme Court of Missouri, William asserts there is a conflict in the opinion. As we understand William's motion, he maintains our holding on his second point is in conflict with our holding on his first point.

To demonstrate there is no conflict, it is necessary to again underscore the difference between William's first and second points.

As carefully explained in the opinion, William's first point complains about two of the trial court's rulings: (1) denial of William's motion for a directed verdict at the close of Hospital's *opening statement* in the first trial, and (2) denial of JNOV Motion I. William's theory of error was that both rulings were wrong because Hospital's *opening statement* at the first trial was deficient. William's first point did not challenge the sufficiency of the *evidence*.

The opinion addresses each complaint in William's first point separately.

As to complaint "1" in William's first point, the opinion holds that by presenting evidence at the first trial, William waived any error in the trial court's denial of William's motion for a directed verdict following Hospital's opening statement. The opinion further holds complaint "1" in William's first point was not preserved for review because it was not raised in Motion for New Trial II.

As to complaint "2" in William's first point, the opinion holds that by presenting evidence at the first trial, William waived any subsequent claim that the trial court should have granted JNOV Motion I because of any alleged deficiency in Hospital's *opening statement*. The opinion emphasizes that complaint "2" in William's first point was not based on a hypothesis that the *evidence* at

the first trial was insufficient to support a judgment for Hospital. Because complaint "2" was based on the same theory of error as complaint "1," i.e., that Hospital's *opening statement* at the first trial was deficient, the opinion, consistent with the holding on complaint "1," holds that William, by presenting evidence at the first trial, waived any later claim that the trial court should have granted JNOV Motion I because Hospital's *opening statement* was deficient.

Furthermore, the opinion explains that a defendant's motion for judgment notwithstanding a verdict for a plaintiff presents the same issue as a motion for a directed verdict at the close of all evidence. That issue is whether the *evidence* is sufficient to support a judgment for the plaintiff. That was not the issue on which William based complaint "2" in his first point. The theory of error on which that complaint was based was that Hospital's *opening statement* at the first trial was deficient.

The opinion notes William cites no authority for the proposition that a defendant is entitled to judgment notwithstanding the verdict because a plaintiff's *opening statement* is deficient, and this court is aware of no such authority. Consequently, the opinion holds complaint "2" in William's first point would have been futile had it been preserved.

In adjudicating William's second point, the opinion carefully highlights the difference between it and William's first point. The opinion explains that William's second point is based on the proposition that the *evidence* at the first trial was insufficient to make a submissible case for Hospital, while William's first point was based on the proposition that Hospital's *opening statement* at the first trial was deficient.

William challenged the sufficiency of the *evidence* at the first trial by two methods: a motion for a directed verdict at the close of all the evidence and, after the verdict, by JNOV Motion I. He joined JNOV Motion I with Motion for New Trial I, as permitted by Rule 72.01(b).

The opinion points out that because of *Community Title Company,* 796 S.W.2d at 370[1], it was clear when William joined JNOV Motion I with Motion for New Trial I that if the trial court denied JNOV Motion I but ordered a retrial, William could not, at that juncture, obtain appellate review of the denial of JNOV Motion I.

The opinion further notes that after the first trial, William could have chosen to file only JNOV Motion I without filing Motion for New Trial I. Had he done that, and had the trial court denied JNOV Motion I and entered judgment for Hospital, William could have appealed from that judgment and claimed the trial court erred in denying JNOV Motion I.[1]

Given the alternatives available to William, the opinion holds that by filing and pursuing *both* JNOV Motion I and Motion for New Trial I, William elected to accept a retrial if one were granted, realizing such relief would bar appellate review of the trial court's denial of JNOV Motion I. Although joinder of those motions was permitted by Rule 72.01(b), the opinion concludes the Supreme Court of Missouri, in promulgating that rule, did not intend to allow a party who suffers an adverse verdict to obtain a new trial, again suffer an adverse verdict, and thereafter claim on appeal that the trial court should have granted such party's motion for judgment notwithstanding the verdict after the first trial.

---

1.  William's post-opinion motion expresses a belief that had he "stood" on JNOV Motion I without filing a motion for a new trial, and had the trial court denied JNOV Motion I and entered judgment for Hospital per the verdict, Rule 78.07 could have barred William from appealing. William's belief is wrong. Rule 78.07 provides: "In jury tried cases ... allegations of error to be preserved for appellate review must be included in a motion for a new trial except that ... questions authorized by Rule 72.01 to be presented in motions for judgment need not be included

in a motion for a new trial." As noted in the opinion, William challenged the sufficiency of the *evidence* to support the verdict for Hospital at the first trial in JNOV Motion I. That motion was authorized by Rule 72.01(b). It is thus obvious that the issue of the sufficiency of the *evidence* raised in JNOV Motion I would have been reviewable on appeal by William from a judgment for Hospital entered per the verdict at the first trial. *See: Central Bank of Lake of the Ozarks v. Shackleford,* 896 S.W.2d 948, 950[1] (Mo.App. S.D.1995).

Having summarized what the opinion holds, we turn to William's post-opinion motion. It avers the opinion is inconsistent in holding that the *first* claim of error in William's *first* point was not preserved for review because it did not appear in Motion for New Trial II, and thereafter holding that the claim of error in his *second* point was waived when he joined Motion for New Trial I with JNOV Motion I. In William's words: "It is incongruent that appellant could preserved [sic] one of his allegations of error for appeal by standing on a Motion JNOV alone but that his point is not preserved for appellate review because it is not included in his Motion for New Trial II."

William misunderstands the opinion.

The opinion does not hold that William, by joining JNOV Motion I with Motion for New Trial I, waived his claim that the *evidence* at the first trial was insufficient to support a judgment for Hospital. That claim was clearly preserved in JNOV Motion I.

What the opinion holds is that William, by joining Motion for New Trial I with JNOV Motion I, made an *election* that *if* the trial court granted Motion for New Trial I (thereby necessarily denying JNOV Motion I), William would accept that relief from the verdict in the first trial instead of attempting to convince an appellate court that JNOV Motion I should have been granted.

Said another way, William preserved his attack on the sufficiency of the *evidence* at the first trial by filing a motion for a directed verdict at the close of all the evidence and, after the verdict, by JNOV Motion I. But when he chose to seek *both* a new trial and judgment notwithstanding the verdict (as allowed by Rule 72.01(b)), he made the choice that *if* he was awarded a new trial, he would accept that relief, as the award of the new trial would foreclose appellate review of the denial of JNOV Motion I.

William got the new trial, which he lost, and now, in this appeal, attempts to escape that loss by insisting the trial court should have awarded him judgment notwithstanding the verdict after the *first* trial.

The opinion notes William's brief cites no case where such relief has been awarded.

His post-opinion motion likewise cites no such case.

The post-opinion motion is denied.